HENRY P. STAATS, Appellant, *v.* ISAAC BRISTOW, as Assignee, etc., Respondent.

The interest of a member of a copartnership in the firm assets, is the share to which he is entitled under the copartnership agreement, in the surplus after all the partnership debts are fully paid.

In an action against the members of a firm, an attachment was issued against S., one of the partners, which was levied upon the firm property. The firm was at the time insolvent and soon after made an assignment to defendant. Judgment was thereafter obtained and execution issued in the attachment suit, under which the sheriff sold "all the right, title and interest which" S. had in the property at the time of the levy of the attachment. Plaintiff was the purchaser. In an action brought to determine the title to the property, *held,* that as the firm assets were

insufficient to pay its debts, the interest of S. therein was nothing, and plaintiff took nothing by his purchase.

*Van Brunt* v. *Applegate* (44 N. Y., 544), distinguished.

(Argued March 28, 1878; decided April 9, 1878.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of defendant entered upon a decision of the court on trial without a jury.

This action was brought against defendant as assignee of Joseph Stockbridge and Henry F. Martin, composing the firm of Stockbridge & Martin, to determine the title to, and the interests of the parties in, certain property formerly assets of the firm.

The court found substantially the following facts: On and prior to November 30, 1874, said Stockbridge & Martin, as co-partners, were owners of the property in question. On that day John Griffiths, Frank Curtiss and Henry P. Staats, commenced an action against said Stockbridge & Martin, as co-partners. An attachment was duly issued in said action against the property of said Stockbridge, as a non-resident of the city of New York, by virtue of which said property was duly levied upon. On or about the 4th day of December, 1874, said Stockbridge & Martin executed and delivered to the defendant an assignment of all their property and effects in trust for the benefit of their creditors; and at the time of the issuing of the attachment said firm was insolvent and wholly unable to pay its debts. On the 8th day of December, 1874, said Griffiths, Curtiss and Staats duly recovered a judgment in said action, against said Stockbridge & Martin; and on the 9th day of December, 1874, an execution on said judgment was duly issued to the sheriff, who took possession of said property and levied upon the undivided interest of said Stockbridge in and to the same; and thereafter, on the 17th day of December, 1874, under and by virtue of said levies and execution, duly sold and conveyed to the plaintiff all the right, title and interest

which said Stockbridge had on the 30th day of November, 1874, and at any time thereafter prior to said sale, in and to said property levied upon as aforesaid. Defendant took possession of the property and refused to recognize any right of the plaintiff therein.

*Charles H. Bannigan* and *Wm. W. Niles*, for appellant. The interest of a partner in partnership effects is property capable of attachment. (*McKay* v. *Harrower*, 27 Barb., 463; *Smith* v. *Orser*, 42 N. Y., 132; 43 Barb., 187; *Phillips* v. *Cook*, 24 Wend., 389, 393; *Mabbett* v. *White*, 12 N. Y., 442, 454, 455; *Welles* v. *March*, 30 id., 344, 350; *Baldwin* v. *Tynes*, 19 Abb. Pr., 32; *Lowenstein* v. *Flaurand*, 11 Hun, 399; *Menagh* v. *Whitwell*, 52 N. Y., 146, 158; Pars. on Part., 150; *Brinkerhoff* v. *Marvin*, 5 J. Ch., 320, 328; *Waydell* v. *Luer*, 3 Den., 418.) Where a conveyance by a partner is made in payment of a firm debt the grantee takes an absolute and perfect title to the undivided share or portion of the grantor in the thing sold. (*Ex parte Ruffin*, 6 Ves., 119; *Ex parte Williams*, 11 id., 3; *Ex parte Kendall*, 17 id., 526; Story on Part., §§ 358–360; *Campbell* v. *Mullett*, 2 Swanst., 551, 575, 576; *Mabbett* v. *White*, 12 N. Y., 442; *Grazer* v. *Stellwagen*, 25 id., 315.)

*Jno. E. Parsons*, for respondent. The interest of a partner in partnership property is his share of the surplus after the partnership accounts have been settled and the firm debts satisfied. (*Menagh* v. *Whitwell*, 52 N. Y., 146; *Hayes* v. *Reese*, 34 Barb., 151; *Kirby* v. *Schoonmaker*, 3 Barb. Ch., 46; *Addison* v. *Burckmyer*, 4 Sand. Ch., 498; *Wilder* v. *Keeler*, 3 Paige, 167; Collyer on Part., § 822.) All the sheriff could sell was the interest of the partner against whom the execution was issued. (*Smith* v. *Orser*, 42 N. Y., 132, 136; *Phillips* v. *Cook*, 24 Wend., 389; *Waddell* v. *Cook*, 2 Hill, 48; *Mowbray* v. *Lawrence*, 13 Abb., 317; Collyer on Part., § 822 and note, p. 706; 3 Kent's Commentaries, 37.)

FOLGER, J.    The defendant had the possession of certain personal property, to which the plaintiff claims that he was entitled.    It was, of course, incumbent upon the plaintiff to show and establish his title.    He showed that he was the purchaser at a sheriff's sale.    The certificate given by the sheriff does not say that the plaintiff bought the property itself; it says that he bought, only, all the right, title and interest which Joseph Stockbridge had in it on the 30th November, 1874.    The sheriff's return on the execution upon which he sold is the same.    The execution on which the sale took place directed a sale of the property of the defendants therein named, who were the Stockbridge above named, and his co-partner Martin ; but the property pointed at was what they owned, or either of them owned, on a day named, to wit, on the 9th December, 1874 ; and before that day, to wit, on the fourth day of that month, the defendants in the execution had assigned the property to the defendant in this action in trust for all of their creditors.

So it is apparent that the plaintiff did not buy the property itself, specifically ; but only the interest, right and title which Stockbridge had in it.    Now the interest which he had in it was that of one of two partners ; as the property was part of the assets of a co-partnership firm of which he was a member.    The interest of a member of such a firm in the assets of it, is the share to which he is entitled by the terms of the co-partnership, in the surplus of those assets remaining after all partnership debts are fully paid.    It appears in this case that the firm was insolvent ; that its debts much exceeded its assets ; that there never could arise a surplus. So the interest of Stockbridge, as an individual, in this property was nothing ; and so the plaintiff got nothing by his purchase.

The force of these views is resisted by the plaintiff thus : It is claimed, and rightly, that one partner may sell and transfer the entirety of any particular personal effects and property of the partnership for purposes within the scope of the business, and can make sale to a creditor of the firm in pay-

ment of a debt due, without the knowledge or consent of another partner, though the firm be insolvent and thereby a preference be given to the creditor vendee. Then, it is claimed that the law may do whatever one partner can do. Let it be granted that it may, for this occasion, though we do not concede it as a universal principle. The law has not in this case undertaken to do that. The attachment, under which it is claimed that the first step was taken towards doing that, was not against this property specifically, nor was it against the property of the firm. It was against the property of Stockbridge. What was the property of Stockbridge? It was what he owned in individual right, and it was his interest in the property of his partnership. What that interest was has already been shown. So that the law did not undertake to do, nor has it done, more than to sell for the benefit of a firm creditor, the property of Stockbridge. We speak now of what was done by virtue of the attachment alone. The action was against both partners, and both were brought into court. But' if both had not been brought into court, and judgment had been got, and execution issued directed to be levied upon the sole property of the one served, and upon the joint property of both, the law would have undertaken to do what we admit one partner can do ; and if this joint property had been levied upon before the assignment to defendant, and had been sold to the plaintiffs in the execution, or to one of them, and the avails paid over, the law would have succeeded in doing just what one partner could have done. The law must seek the end desired by the legal path, just as the single partner must. That path was not by an attachment against the property of one partner who, by his personal situation, was obnoxious to that process. That could issue, but not against joint property ; only against individual property ; and individual property was only the interest in a surplus.

These views do not conflict with *Van Brunt* v. *Applegate* (44 N. Y., 544), on which the appellant much relies,

and we do not express any opinion upon what was there held.

The judgment appealed from should be affirmed.

All concur, except RAPALLO and MILLER, JJ., absent.

Judgment affirmed.