Donnell agt. Williams *et al.*

---

---

### ＊ SUPREME COURT.

.Ezekiel J. Donnell agt. George W. Williams *et al.*

Robert H. Rountree *et al.* agt. The Same.

*Attachment — what must be stated in affidavit upon which it is procured — Partners — Non-residents — Service — Code of Civil Procedure, section 636.*

In an action against the members of a firm, the plaintiff, D., procured an attachment upon an affidavit which omitted to state that the amount which he claimed was due over and above all counter-claims known to ʾhim. Both ·defendants were non-residents. The one, B., upon whom personal service in the action was made appeared, but interposed no defense. The other, W., was not personally served with process, and publication was not made within the thirty days required by the statute. ·In an other action by R., the attachment issued was also against both defendants, one of whom, B., appeared, but interposed no defense, and the other, W., was duly proceeded against by advertisement:

*Held,* that D's attachment was bad, *ab initio,* because of the failure to comply with section 636 of the Code of Civil Procedure, in omitting to state that the ·plaintiff was entitled to recover the sum specified over and above all counter-claims known to him (*Per* BARRETT, J.).

*Held,* also, that the effect of non-publication was to destroy the attachment of D. as to W., and were it not for his failure to comply with section 636, the plaintiff, D., would be entitled to retain his attachment as to B. for whatever it was worth. It could not be absolutely discharged merely because no lien upon the firm's property had been thereby acquired (*Per* BARRETT, J.).

*First Department, General Term, March,* 1880.

Donnell agt. Williams *et al.*

APPEAL from order denying motion to vacate attachment in the first-entitled action.

*J. A. Shoudy*, for appellant.

*F. J. Dupignac*, for respondents.

BRADY, *J.*— The plaintiff, Donnell, procured an attachment upon an affidavit which omitted to state that the amount which he claimed was due over and above all counter-claims known to him; and the error, though inferentially, was not directly, corrected by any positive averment subsequently made. Both of the defendants were non-residents. The one upon whom personal service in the action was made appeared, but interposed no defense. The other was not personally served with process, and publication was not made within the thirty days required by the statute.

The attachment issued at the suit of Rountree was also against both defendants, one of whom appeared, but interposed no defense, and the other (Williams) was duly proceeded against by advertisement according to law.

The application to discharge the attachment, granted at the instance of Donnell, was founded, therefore, upon the invalidity of the attachment, but chiefly upon the ground of the omission already stated. The effect of the non-publication required as to Williams in the attachment obtained by Donnell left that process effective only against the defendant Birnie; and without passing upon the question whether, even as to him, it was not invalid by reason of the omission mentioned, and, assuming the contrary, it reached only his individual interest in the copartnership property, and the firm having been insolvent at the time the attachment was issued, that interest amounted to nothing.

This result has been distinctly declared in the case of *Staats* agt. *Bristowe* (73 *N. Y.*, 264).

The learned justice, in deciding this motion in the court

below, was under the impression that the case quoted was one brought against one member of a copartnership for his individual debt. But this was erroneous. It was brought against the firm of which the person proceeded against by attachment was a member. Applying the rule stated, the attachment issued on behalf of Donnell did not affect the partnership property, and none of the partnership assets, therefore, were covered by it; and its application to that property was not secured by virtue of any lien acquired by the attachment issued. It is not so, however, with the attachment issued by the plaintiff, Rountree, and others, because it was perfected as to both defendants, and, therefore, was effectual as a lien upon their property jointly, because the individual rights of each, as to the partnership assets, were affected by it.

The result of these considerations is that the attachment, issued upon the application of Donnell, should be discharged, because no lien had been acquired by it, so that full force and effect should be given to the attachment obtained by Rountree and others and an apparent obstacle to their lien removed.

The order appealed from should be reversed.

BARRETT, *J.*— I concur in the result, but upon other grounds from those stated by Mr. justice BRADY. I agree with him that the effect of non-publication was to destroy the attachment as to Williams, and that the cause proceeded thenceforward precisely as though the attachment had originally issued against Birnie alone. That brought the case directly within *Staats* agt. *Bristowe* (73 *N. Y.*, 264), namely, a suit pending against the firm, with an attachment therein against but one of its members.

But were the case free from other difficulties, the plaintiff, Donnell, would be entitled to retain his attachment as to Birnie for whatever it was worth, and we could not discharge it absolutely merely because no lien upon the firm property had been thereby acquired. We might set it aside as against Williams and leave the law to take its course.

But I think Donnell's attachment was bad, *ab initio*, because of the failure to comply with section 636 of the Code of Civil Procedure in omitting to state that the plaintiff was entitled to recover the sum specified over and above all counter-claims known to him. This provision was new and was undoubtedly intended as a safeguard against the wrongful and oppressive use of this remedy, in cases where the plaintiff, though having a cause of action against the defendants, knows very well that the latter has a counter-claim equal to the demand or some part of it. This was a matter of substance and could not be disregarded. It was a prerequisite to the granting of the attachment. Upon this ground, I think, the order should be reversed and the Donnell attachment vacated.

DAVIS, P. J., concurs with BARRETT, J.