EZEKIEL J. DONNELL, Respondent, *v.* GEORGE W. WILLIAMS and WILLIAM BIRNIE, Appellants.

ROBERT H. ROUNTREE, and others, Respondents, *v.* GEORGE W. WILLIAMS and WILLIAM BIRNIE, Appellants.

*Attachment against firm property—ceases to be a lien upon it, if all the partners are not served—what, an affidavit for an attachment must state—Code of Civil Procedure, § 636.*

Where, in an action brought against a firm, consisting of two members, an attachment is issued, and thereafter one of the partners is personally served with the summons, but the other is not, nor are proceedings to serve him therewith by publication commenced within the thirty days required by the statute, the attachment ceases to be a lien upon the firm property.

The failure to state, in an affidavit, upon which an application for an attachment is made, that the plaintiff is entitled to recover the sum specified therein, over and above all counter-claims known to him, as required by section 636 of the Code of Civil Procedure, renders the attachment void *ab initio.*

APPEAL from an order denying a motion to vacate an attachment issued in the first of the above entitled actions.

The respondent, Donnell, commenced his action against the defendants, Williams & Birnie, as copartners, to recover a debt due from them, by the service of a summons personally on the defendant Birnie. Thereafter he procured a warrant of attachment against the property of the defendants as non-residents, under which copartnership funds belonging to the defendants were attached by the sheriff. The summons was never served upon the defendant Williams, either personally or by publication.

The appellant, Rountree, afterwards procured an attachment against the defendants as non-residents.

Judgment was thereafter duly entered in the first action in favor of Donnell against the defendants, Williams & Birnie, and an execution against their copartnership property was issued.

Thereupon the appellant moved to vacate Donnell's attachment, and from the order denying this motion this appeal was taken.

*J. A. Shoudy*, for the appellant.

*F. J. Dupignac*, for the respondent.

BRADY, J.:

The plaintiff Donnell procured an attachment upon an affidavit which omitted to state that the amount which he claimed was due over and above all counter-claims known to him; and the error, though inferentially, was not directly corrected by any positive averment subsequently made. Both of the defendants were non-residents. The one upon whom personal service in the action was made appeared, but interposed no defense; the other was not personally served with process, and publication was not made within the thirty days required by the statute. The attachment issued at the suit of Rountree was also against both defendants, one of whom appeared but interposed no defense, and the other, Williams, was duly proceeded against by advertisement according to law.

The application to discharge the attachment granted at the in-

stance of Donnell was founded therefore upon the invalidity of the attachment, and chiefly upon the ground of the omission already stated. The effect of the non-publication required as to Williams in the attachment obtained by Donnell left that process effective only against the defendant Birnie; and without passing upon the question whether, even as to him, it was not invalid by reason of the omission mentioned, and assuming the contrary, it reached only his individual interest in the copartnership property, and the firm having been insolvent at the time the attachment was issued, that interest amounted to nothing. This result has been distinctly declared, in the case of *Staats* v. *Bristow* (73 N. Y., 264).

The learned justice in deciding this motion in the court below was under the impression that the case quoted was one brought against one member of a copartnership for his individual debt; but this was erroneous. It was brought against the firm of which the person proceeded against by attachment was a member. Applying the rule stated, the attachment issued on behalf of Donnell did not affect the partnership property, and none of the partnership assets therefore were covered by it; and its application to that property was not secured by virtue of any lien acquired by the attachment issued. It is not so, however, with the attachment issued by the plaintiff Rountree and others, because it was perfected as to both defendants, and therefore was effectual as a lien upon their property jointly, because the individual rights of each as to the partnership assets were affected by it. The result of these considerations is, that the attachment issued upon the application of Donnell should be discharged because no lien had been acquired by it, so that full force and effect should be given to the attachment obtained by Rountree and others, and an apparent obstacle to their lien removed.

The order appealed from should be reversed.

Barrett, J.:

I concur in the result, but upon other grounds than those stated by Mr. Justice Brady. I agree with him that the effect of non-publication was to destroy the attachment as to Williams, and that the cause proceeded thenceforward precisely as though the attach-

ment had originally issued against Birnie alone. That brought the case distinctly within *Staats* v. *Bristow* (73 N. Y., 264), namely, a suit pending against the firm with an attachment therein against but one of its members.

But, were the case free from other difficulties, the plaintiff, Donnell, would be entitled to retain his attachment as to Birnie for whatever it was worth, and we could not discharge it absolutely merely because no lien upon the firm property had been thereby acquired. We might set it aside as against Williams, and leave the law to take its course.

But I think Donnell's attachment was bad *ab initio*, because of the failure to comply with section 636 of the Code of Civil Procedure, in omitting to state that the plaintiff was entitled to recover the sum specified over and above all counter-claims known to him. This provision was new, and was undoubtedly intended as a safeguard against the wrongful and oppressive use of this remedy, in cases where the plaintiff, though having a cause of action against the defendants, knows very well that the latter has a counter-claim equal to the demand or some part of it. This was a matter of substance, and could not be disregarded. It was a pre-requisite to the granting of the attachment.

Upon this ground, I think the order should be reversed and the Donnell attachment vacated.

DAVIS, P. J., concurred with BARRETT, J.

Order reversed.