NEW YORK, May. 1817.<br>MATTER OF CHIPMAN.

Judgment for the plaintiffs.

(*a*) Vide *Drake and Pinkney* v. *Elwyer and others*, 1 *Caines' Rep.* 184. *Whitney* v *Ferris*, 10 *Johns. Rep.* 66.

———◄ ✳ ►———

*In the matter of* CYRUS CHIPMAN, *an absconding debtor.*

THIS was a motion for a *mandamus* to the recorder of the city and county of *New-York*, directing him to issue a warrant of attachment, in pursuance of the act for giving relief against absconding and absent debtors. It appeared, that the usual proofs of the demand of the creditors, and of the absconding of the debtor, had been presented to the recorder, but that he had refused to issue the warrant, on the ground, that the demand was against *Chipman* and others, as copartners, and that two of the firm, of which *Chipman* was a member, remained within the

An attachment under *the act for relief against absent and absconding debtors*, may issue against the property of one of several partners, who absconds for a debt due by the copartnership, although his copartners are resident within the state, and capable of being arrested.

NEW-YORK,  state, liable to be arrested by ordinary process of law.  It was
May, 1817.  however stated, that they were insolvent.

MATTER OF
CHIPMAN.

*Griffin*, in behalf of the application, contended, that the act
was to be beneficially expounded in favour of creditors ; that in
case of a demand against a copartnership, each partner is to be
considered a debtor for the whole amount, and that his person
and property are liable therefor accordingly.  That the statute
in question authorizes the creditors to attach the property of
any absconding or absent debtor, without limitation, and that
the circumstance that such debtor has partners resident in this
state, can make no difference, especially, where such partners
are insolvent.  That, to engraft such a limitation on the con-
struction of the statute, and to hold, that the presence of one,
or more, of an indebted firm, would protect from arrest the pro-
perty of those who had absconded, or were absent, might open
a door to fraud and collusion.  He cited *Crispe* v. *Perrit*, (*Willes'
Rep.* 467.) where it was held, that the creditor of a firm may,
for such joint debt, take out a separate commission of bankruptcy
against one of the partners ; which case, as the counsel contend-
ed, was analogous in principle to the one under consideration.

*The Court* were of opinion, that an attachment might be
taken out against the property of an absconding, or absent
partner, for a debt due by the firm, although other partners be-
longing to the firm were resident within the state, and capable of
being arrested ; and they accordingly directed the *mandamus*
to be issued.

Motion granted.