1822.

ROBBINS
v.
COOPER.

ROBBINS and another *against* COOPER and others.

A creditor residing abroad, may institute proceedings here, under the act for giving relief against absconding and absent debtors. (Sess. 24. ch. 49. 1 *N. R. L.* 157.)

A joint creditor may institute proceedings, under the act, against the separate property and effects of an absconding partner, though the other partner resides here, and might be arrested. But the separate property only of the absconding partner can be taken under the attachment, for the other partner has a right to retain and dispose of the copartnership property, for the payment of the debts of the partnership; and such creditor has a right only to the absconding debtor's proportion of the surplus.

*May 28th, and July 23d.*

THE bill stated, among other things, that previous to the first day of *December*, 1819, a partnership existed between the plaintiffs, *Edwards Robbins*, of *New-York*, and *Robert B. Muchall*, of *Birmingham*, in *Great Britain*, under the firm of *E. Robbins & Muchall*, and was carried on by *E. R.* at the city of *New-York*, and by *M.* at *Birmingham*, which partnership expired, by its own limitation, on or about the first of *December*, 1819. That on the 8th of *December*, 1819, an attachment, at the instance of *Hewett & Kittle*, was issued, under the act for giving relief

against absconding and absent debtors, against the plaintiff, *Robbins*, and the defendants were appointed trustees for all the creditors. The bill charged, that the plaintiff, *R.*, was not indebted to *H. & K.*, and that, though the proceedings may have been regular in form, yet the suing out of the attachment, and the proceedings under it, were fraudulent and collusive; that *Cooper* and *Ward*, two of the defendants, were largely indebted to the plaintiffs, and would not have been appointed trustees, had not the *Recorder*, who granted the attachment, been deceived by false suggestions; that, among the papers attached, were certain checks of *B.* and *Joseph Cooper*, which came into the possession of the trustees, and that the object of the said pretended creditors, and *Cooper* and *Ward*, in prosecuting the attachment, was to get under their control the evidence of the debts due from them to the plaintiffs, &c. That *Joseph Cooper*, one of the defendants, became insolvent, and was discharged under the act to abolish imprisonment for debt in certain cases, on the 15th of *January*, 1820; that the other two defendants possess but little property, and are not competent to respond to the plaintiffs, for the damages which they have sustained, by reason of the proceedings on the attachment, &c. That the plaintiffs are advised, that the proceedings against *E. R.*, as an absconding debtor, are fraudulent and void; that they cannot affect the partnership rights of the plaintiffs; and, if they could, still the rights of the plaintiff, *M.*, arising out of the partnership, remain; and that, if the defendants, as trustees, are entitled to take possession of the joint property of the plaintiffs, yet they are bound to account to the plaintiff, *M.*, for his proportion, and to pay or deliver the same to him, &c. *Prayer*, that the defendants may be decreed to deliver to the plaintiffs, all the goods and effects of the plaintiffs, or either of them, books of account, &c., in the possession, custody, or control of the defendants; and to pay to them the moneys mentioned in

1822.

ROBBINS
v.
COOPER.

1822.

ROBBINS
v.
COOPER.

the bill, &c.; and that an account be taken of all the mo-neys of the plaintiffs, collected and received by the defend-ants, and of the goods and effects of the plaintiffs, sold, &c., and that they be decreed to pay to the plaintiffs, &c.; and that the defendants may be restrained, by *injunction*, from all further proceedings, as trustees, and from all fur-ther interference or intermeddling with the property, estate, effects, &c., of the plaintiffs, or either of them, &c., or of seizing and attaching any other property, &c., and from collecting any debt or debts, &c.; and that the proceed-ings against the plaintiffs may be declared collusive, fraud-ulent, and void, &c.

An injunction was granted, *June* 12th, 1820. The de-fendants answered the 26th of *July*, 1820. The plaintiffs excepted to the answer, and the defendants submitted to the exceptions, and filed an amended answer, on the 8th of *February*, 1821, in which, after answering the charges in the bill, they denied all fraud, &c., in suing out the attach-ment, and insisted on the validity and regularity of the proceedings. That the plaintiff, *M.*, was not entitled to an account, until he had established his right by a decree of this Court; and that the plaintiff, *R.*, is not entitled to an account, as the time limited by the act for making dis-tribution of the estate, had not yet expired. That as the estate of *R.* became vested in the defendants, before the plaintiffs, or either of them, can be entitled to the relief prayed for, the creditors of *E. R.* ought to be made par-ties and defendants, &c. That if the plaintiffs have sus-tained, or may sustain, any injury, (which the defendants denied,) the defendants have not been accessary thereto; and they submitted, that, having been regularly appointed trustees, under the act, and being subject to such orders rela-tive to the execution of their trust, as shall be made by the Court of which the person who appointed them is the judge, they cannot be questioned here, or in any other Court, &c.

Proofs were taken on both sides, and the cause brought to a hearing on the 28th of *May* last.

*J. A. Hamilton*, for the plaintiffs, contended, 1. That the proceedings against *E. R.*, as an absconding debtor, were fraudulent and void. 2. That the property in question, being partnership property, cannot be affected by any proceedings against *E. R.* alone. He cited 2 *Caines' Rep.* 318. 16 *Johns. Rep.* 102. 6 *Mass. Rep.* 242. 271. 9 *Mass. Rep.* 490. 13 *Mass. Rep.* 80.

*Tillotson*, for the defendants, made the following points:

1. That the injunction ought to be dissolved, as the answer denied all the equity of the bill.

2. That as the bill admitted, that the proceedings against *R.* were regular, this Court will not now inquire into the fact, whether the petitioning creditors were, in fact, creditors or not, or whether the trustees were fit and proper persons to take charge of the estate of *R.*, unless collusion or fraud is established.

3. That if collusion or fraud were shown, the application ought to have been made to the Supreme Court, to set aside the proceedings of the Recorder, on the ground of fraud, to which Court, as a commissioner, the Recorder has returned his proceedings under the act.

4. That, admitting the property received by the defendants, to be copartnership property, this Court will not interfere, to enjoin proceedings, on the allegation, that the *joint* property of a partner is attached under the act, or taken in execution, if it was so proved.

He cited 2 *Caines,* 317. 3 *Caines,* 257. 322. 1 *Caines,* 513. 16 *Johns. Rep.* 103. 14 *Johns. Rep.* 217. 2 *Johns. Ch. Rep.* 549. 3 *Johns. Ch. Rep.* 412. 1 *Johns. Ch. Rep.* 182. 483.

1822.

ROBBINS
v.
COOPER.

THE CHANCELLOR. The existence of a copartnership between the plaintiffs, as charged in the bill, appears to be sufficiently established by the testimony. But there is not any just ground for interfering with the proceedings, under the attachment act, against the plaintiff, *R.*, as an absconding debtor, upon the charge of irregularity and fraud. *Thomas Kittle*, the creditor, residing abroad, was a competent creditor to institute proceedings under the *absconding debtor act*. The 20th section of the act expressly declares, that " any creditor residing out of the state," shall be deemed a creditor within the act; and I cannot undertake to say that *K.* was not a *bona fide* creditor, when he made his affidavit to that effect before the Recorder of *New-York*. Nor does there appear to be any fraud in the appointment of the defendants as trustees; nor can the proceedings, safely, upon any of the grounds taken, be vacated and declared void. The whole difficulty of the case arises out of the fact, that the joint effects of the copartners have been taken under the attachment against the separate estate of *R.*

It has been adjudged by the Supreme Court, in the case of *Chipman*, (14 *Johns. Rep.* 217.) that a joint creditor can institute proceedings under the act, against the separate property and effects of the absconding partner, though the other partner was resident here, and in a condition to be arrested. It has also been decided by the same Court, in the case of *Smith*, (16 *Johns. Rep.* 102.) that the Sheriff can take only the separate property of the absconding debtor, and that he cannot seize the partnership effects, as the other partner has a right to retain and dispose of them for the payment of the partnership debts ; and the trustees would of course have a right to an account as against the solvent partner, for the absconding debtor's proportion of the surplus, after payment of the partnership debts. In that last case, partnership property was seized by the Sheriff, under the attachment, in the pos-

session of an agent of the partnership, who was selling it on joint account, and the Sheriff was ordered to restore the property to the undisturbed partner. I am not disposed, at present, to question the soundness of either of these decisions; and yet I perceive the embarrassments attending their joint operation. The better opinion, probably, is, that partnership property was never intended to be attached and distributed under the absconding debtor act, unless all the partners were pursued, at the same time, jointly, as absent or absconding debtors. But the difficulty is, to preserve an equitable distribution of the funds under the two decisions which have been mentioned; for if the joint creditors are entitled to prosecute under the act, and take the separate property of the absconding partner, instead of resorting to the other partner, they would, probably, under our act, be entitled to come in and take their rateable dividends upon the separate property. The assets in that case cannot be marshalled upon equitable principles, and the joint creditors will participate rateably in the separate fund, contrary to the rule of equity, that the separate estate ought first to be applied to the discharge of the separate debts. This cannot well be avoided, so long as the joint creditors are allowed to come in under the first of these decisions, upon the separate fund, without obliging the trustees to resort to this Court to restrain the dividend, and to bring in the solvent partner, and have an account of the joint as well as of the separate estate taken, and the assets marshalled and distributed upon principles of equity. The embarrassments attending the distribution of the joint and separate assets, between the joint and separate creditors, according to their respective distinct equitable rights, and the great alternation and confusion of the decisions on that subject, in cases of bankruptcy, were noticed in the case of *Murray* v. *Murray ;* (5 *Johns. Ch. Rep.* 60.) and I cannot undertake, at present, to prescribe any determinate rule on

the subject under our absconding debtor act. The difficulty is equally pressing under that act, as it is in cases of bankruptcy, and, perhaps, much more so, since proceedings under that act do not fall directly within equity jurisdiction. The great and desirable object is, to preserve the higher and better right of the joint creditors to the joint fund, and of the separate creditors to the separate fund, from being invaded in the distribution of the assets. The assignees of a bankrupt partner, under a separate commission of bankruptcy, can retain and distribute the joint funds. For this I refer to the case of *Murray* v. *Murray*, already mentioned. But in the present case, the joint effects have been taken under the process of attachment, when they were in the possession of an agent of the firm, and consequently, in contemplation of law, in possession of the solvent partner, equally as in the possession of the absconding debtor. It is analogous to the case of *Smith*, except that in that case the solvent partner was within the state, and here he was not. In both cases, the possession was in fact in an agent, acting for and in behalf of the firm; and it will best accord with the rule of law which has been declared in this case, and tend more effectually to preserve the just rights of the two distinct classes of creditors, to direct the trustees to account to the plaintiff, *M.*, being the solvent partner, for the partnership property seized and taken out of his constructive possession, under the attachment.

The following decree was entered :

" It is declared, that a copartnership between the plaintiffs, in the mercantile transactions of the plaintiff, *R.*, in the city of *New-York*, as mentioned in the pleadings and proofs, is fully and satisfactorily proved. And, it is further declared, that *Thomas Kittle*, though residing out of the state, was a competent creditor within the purview of the *absconding debtor act*, to institute proceedings under it, and that there is not sufficient evidence of fraud either in

instituting proceedings, or in the appointment of trustees under the act, to set aside and vacate these proceedings. And it is further declared, that the said *Thomas Kittle*, or any other creditor of the plaintiffs, as partners, might lawfully institute proceedings under the said act, against the separate property and effects of the plaintiff, *R.*, as an absconding debtor, for a debt due from the plaintiffs, as partners. And it is further declared, that the separate property only of the plaintiff, *R.*, and not the partnership property and effects of the plaintiffs as partners, was liable to be attached and seized in this case, under the attachment in the pleadings mentioned; and this is the authoritative construction in the case of proceedings under the said act, against one partner only, and not jointly against all of them. And it is further declared, that the defendants are accountable to the plaintiff *M.*, for all the partnership property and effects of the plaintiffs, which have come to their possession, or under their control, as trustees under the attachment aforesaid. It is thereupon ordered, &c. that it be referred to one of the masters of this Court, to take and state an account of all the monies, property and effects, books, papers, and choses in action, belonging to the plaintiffs, jointly, as partners, which have been attached or seized under the said attachment, and that the defendants severally account on oath before the master, touching the same, and that the master report, &c. so that the same, when duly ascertained, and the report thereon confirmed, may be restored to the plaintiff, *M.*, or to his duly authorized attorney; and the question of costs, and all other questions, are reserved."