# JANUARY TERM, 1847.

SEARCY, ET AL. vs. PLATTE COUNTY.

1. An attachment will lie against the property of one of two joint contractors, on the ground of non-residence, although the other contractor may be a resident of the State.

2. The truth of the facts on which an attachment is issued, can not be investigated upon a motion—but only on a plea in abatement.

## APPEAL from Platte Circuit Court.

WILSON & REES, *for Appellants, insist*:

The only question in this case is, whether the statute authorising suit to be instituted in *ordinary* cases against either or all the obligors of a note, also authorizes suit to be commenced by attachment against a non-resident, when there is a co-obligor resident, good for the amount of the note. The appellants think not. See the attachment law; also Hemstead vs. Dodge, 1 M. R. 1st ed. 493; 10 Vermont Rep. 239; 4 Ohio Rep.

ALMOND, *for Appellee, insists:*

1st. No good reason is seen, in any point of view whatever, why the writ ought to have been quashed for the reasons set forth in said motion to quash—and the authority of the case of Hemstead vs. Dodge, 1 M. R. p. 493, is not in point, and does not sustain said motion; for in the case at bar, there is *not a summons for one defendant* and *a writ of attachment* for others, which was the error complained of in the case above cited from 1 vol. M. R.

2d. And to show that there is nothing in appellants' motion to quash the writ, the appellee re-fers to Rev. Stat. of 1845, State ed., p. 216 §4; 6 M. R. p. 50; R. Code 1845, p. 811 §20.

3d. And even if the facts that Spencer, one of the obligors in said bond, was a resident of the State and solvent, could, by any construction whatever, in any shape defeat the attachment against the Searcys, it *devolved* on appellants to *shew these facts*, and this they have clearly failed to do, as will be seen by reference to the bill of exceptions.

Scott, J., *delivered the opinion of the Court.*

The county of Platte sued the appellants by attachment for the recovery of a debt in the justices' Court. The ground of the attachment was the non-residence of the defendants. The cause was taken by appeal to the Circuit Court, when a motion was made to dismiss the suit, because it did not appear that Wm. Spencer, who was the security in the bond on which the suit was brought, was unable to pay it, or was a non-resident, and because the security in the bond was able to pay the debt, and was a resident of the State; the Court refused the motion and judgment having been entered against the appellants, their case is brought here.

There is nothing in the bill of exceptions relative to the residence or solvency of Wm. Spencer: the assumption of facts in a motion is no proof of their existence. In the case of Graham vs. Bradbury, 7 Mo. R.; it was said that the truth of the facts on which an attachment issued could not be controverted by motion. Their existence can only be disputed by plea, or in a justice's Court on the trial. Henry vs. Lane, 2 Mo. R. 163.

But, admitting the truth of the facts assumed by the motion, we cannot see how they effect the judgment of the Court below. Our statute has made all joint contracts, joint or several, consequently a plaintiff can proceed against one or more joint defendants at his election. If those against whom he wishes to proceed are non-residents, and have effects within the jurisdiction of the Court, the principle is not perceived on which it may be prevented; this is not like the case of partners put in the argument, but it is one in which a resident surety is passed by and the non-resident principals are sued; surely there is justice and policy in the course pursued by the plaintiff. Had the security been made to pay the debt, he would have had recourse to this remedy against his principals, which would have been more onerous than if they had been first sued for the debt. Reference has been made to the case of Leach vs. Cook, in 10 Ver. 239, in support of the appellants' view of this subject, in which it was held that a foreign attachment cannot be sustained against a partnership as absconding or concealed debtors, unless all the members of

the firm have absconded or kept concealed. In that case all the members of the firm were sued as concealed or absent, and a plea in abatement was put in, in which it was denied that one of the defendants was absent or concealed. On demurrer the plea was judged sufficient. This is a familiar principle, and would have been law here but for a late provision in our code, which allows in actions *ex contractu* a judgment against a less number of defendants than are sued; it will be seen, too, that in Vermont joint actions can only be severed when one of the defendants is a non-resident of the State. Rev. Stat. 166. In the matter of Cyrus Chapman, 14 John. 217, it was held that an attachment under the act against absent and absconding debtors may issue against the property of one of several partners who absconds, for a debt due by the partnership, although his co-partners are resident within the State and capable of being arrested. So in the case of Crespe vs. Perrett, Willes 467, it was maintained that a separate commission of bankruptcy may be taken out against one of several partners on the petition of a joint creditor. The principle of these two cases would lead much further than that involved in the one under consideration; but I am free to confess that the opinions of other Courts on questions of this character are entitled to but little weight as authorities, for they are all so much based on local legislation, and the phraseology of particular statutes, that they furnish a very unsafe guide to the Courts of this State, whose legislation on the same matter may be different from that which prevails elsewhere.

The other Judges concurring, the judgment will be affirmed.