CHARLES C. STEVENS *vs.* JOHN R. PERRY & another & trustee.

A debt due one partner singly may be attached by the trustee process in a suit against the partnership; and such attachment is not dissolved by the subsequent attachment of the same debt by an individual creditor of the partner.

TRUSTEE PROCESS. The writ commanded the officer " to at tach the goods or estate of John R. Perry and Patrick Grimes, copartners under the name and style of Perry & Grimes," and to summon the Bay State National Bank as trustee.

The corporation filed this answer: "And now comes the Bay State National Bank, and, for answer, say, that they had in their hands and possession, at the time of the service of the plaintiff's writ upon them, no goods, effects or credits of the said firm of Perry & Grimes, the defendants, and of this they submit themselves to be examined on oath, and ask to be discharged. And for a farther answer they say that, at the time of the service of said writ upon them, to wit, on the ninth day of May, 1872, they had in their hands and possession, of the individual goods, effects and credits of said John R. Perry, one of said firm, the sum of nine hundred and twenty-two dollars and seventy-seven cents, but that since said service, to wit, on the

twenty-third day of said May, said individual effects of said Perry have been attached to the amount of eighteen hundred dollars, on a writ sued out of this court and returnable at the September term thereof, wherein the Swampscott Machine Company is plaintiff, said John R. Perry is defendant, and said bank is made trustee. Wherefore they ask to be discharged, and of this they submit themselves to be examined on oath."

The corporation appealed from an order charging it as trustee upon this answer.

*C. U. Bell*, for the trustee.

*A. R. Brown & E. A. Alger*, for the plaintiff.

AMES, J. It is well settled, as matter of law in this Commonwealth, that in a suit against two or more copartners upon their joint debt, the separate property of any one of the partners may be attached, and the lien so acquired is not discharged or impaired by a subsequent attachment of the same property, upon a suit in favor of a separate creditor of the same partner. *Allen* v. *Wells*, 22 Pick. 450. *Newman* v. *Bagley*, 16 Pick. 570. The Supreme Court of New Hampshire has in several cases held otherwise. *Jarvis* v. *Brooks*, 23 N. H. 136. *Bowker* v. *Smith*, 48 N. H. 111. But we must consider ourselves bound by our own decisions. As the debt due from the partners jointly is also due from each, it may be enforced against the separate property of each. It is immaterial whether this separate property is in the form of goods and movable chattels, or goods, effects and credits intrusted and deposited in such a manner that they can only be attached upon a trustee process. It is not necessary that the principal debtors should have made a joint deposit, or that the fund should belong to them jointly. It is enough if funds attachable upon a trustee process are due from the alleged trustee to either one of the principal defendants. *Trustees charged.*