OLIVER W. BUCKINGHAM AND LEONARD PAULSON, JR., PLAINTIFFS, APPELLANTS, *v.* JOHN A. SWEZEY AND JOSEPH DART, DEFENDANTS.

SETH M. MILLIKEN AND OTHERS, RESPONDENTS.

*Attachment in an action on a firm debt — against the property of one partner — not vacated because of insolvency of firm.*

In an action to recover a debt due from a firm, an attachment was issued against the property of one partner only, on the ground that he had absconded. Certain subsequent attaching firm creditors, on proof that the firm was insolvent, moved to vacate the attachment, on the ground that the partner against whose property the attachment was issued had no interest in the firm property upon which the attachment could be levied.

*Held*, that the attachment should not be vacated.

APPEAL from an order granting a motion made on behalf of Deering, Milliken & Co., subsequent attaching creditors, to vacate and set aside an attachment granted in the above entitled action.

The grounds upon which the warrant of attachment was set aside were, that it was granted against the property of the defendant Swezey only, upon a liability of the firm of which he was a member, and that the firm was wholly insolvent and unable to pay its debts in full.

*Chauncey B. Ripley*, for the appellants.

*John J. Adams*, for the respondents.

BRADY, J.:

The attachment obtained by the plaintiffs, Buckingham and Paulson, Jr., was against the property of the defendant Swezey alone, and on the ground that he was an absconding debtor. Milliken and others who were subsequent attaching creditors moved to discharge the attachment and were successful. No opinion was delivered when the motion was decided, but the order declarative of the judgment of the court contained the following, which seems to be a statement of the grounds on which the court rested :

" And it appearing on the argument that the warrant of attachment was issued only against the property of the defendant Swezey, on the ground that he had absconded, and leave being thereupon granted to argue the motion on the ground that, at the date of granting the warrant of attachment, *the firm of Swezey & Dart herein was insolvent* and unable to pay their debts in full, it is," etc., " *ordered* that the warrant be vacated." And the point presented by the respondent's counsel is, that in an action against a firm consisting of two members, if a warrant of attachment be granted against one upon a debt due by the firm, and the firm is insolvent, the interest of the party proceeded against is nothing, and no lien is acquired thereby. And he assumes that the legal proposition applicable to a question such as presented herein, and entitling his clients to have the attachment vacated, was enunciated in the case of *Donnell* v. *Williams* (21 Hun, 218), sustained by the case of *Staats* v. *Bristow* (73 N. Y., 264). That case is not in favor of his clients, however. Justice BARRETT wrote the prevailing opinion of the court, inasmuch as Justice DAVIS concurred with him, and it was said, in his opinion: " Were the case free from other difficulties the plaintiff Donnell would be entitled to retain his attachment as to (the defendant) Burnie for whatever it was worth, and we could not discharge it absolutely merely because no lien upon the firm property had been thereby acquired."

Justice DAVIS having concurred in this view, as already suggested, it is considered to be controlling on this appeal; and the order appealed from must therefore be reversed.

The case of *Staats* v. *Bristow* (*supra*), which was referred to in the case of *Donnell* v. *Williams* (*supra*), and also by the respondent on this appeal, is not in point upon the question before us. The Court of Appeals in that case declared that a purchaser, under an execution against the right, title and interest of a partner in the partnership assets, against whom an attachment had been issued, the firm being insolvent, acquired nothing by the purchase. And it would seem, from the opinion delivered, that the execution considered pointed at property which the defendant had at a time subsequent to the issuing of the attachment and the levy under it, namely, the 9th of December, 1874, and subsequent, also, to the assignment made by the firm for the benefit of their creditors,

which was made intermediate the issuing of the attachment and the execution, namely, on the 4th of December, 1874, the attachment having been issued on the 30th November, 1874. Whether the intervention of the assignment had any controlling influence upon the court, it is difficult to say from the examination of the report of that case; but, nevertheless, it is not an authority for the proposition that the attachment should be discharged under the circumstance disclosed in this case.

The order should be reversed, with ten dollars costs and the disbursements; but, under the circumstances, to abide the event.