SUSAN CUNNINGHAM, in equity, *vs.* STEPHEN J. GUSHEE.

Same *vs.* LEWIS ROBBINS.

Knox. Opinion May 23, 1882.

*Attachment. Partnership. Equity. Judgment.*

An attachment by a creditor of the individual partner will not affect the lien acquired by an earlier attachment in favor of a creditor of the copartnership; and no different rule should prevail in equity in cases where the distribution of the partnership estate only is proceeding on equitable principles in insolvency.

Where a judgment upon which a levy has been made was excessive, the excess being occasioned by mistake and not by fraudulent design, it is examinable in equity when the complainant was not a party or privy to the judgment, and in such case the court may give equitable relief.

ON demurrer to bill in equity.

The questions presented by the bill, demurrer and joinder are stated in the opinion with the material facts.

The cases were presented together.

*Orville D. Baker,* for the plaintiff.

A private creditor of a partner is entitled in equity to a preference over a partnership creditor in respect to the private property. 1 Story Eq. § 675; *Murrill* v. *Neill,* 8 How. 414; 1 Am. Lead. Cas. (5th ed.) 588; *Phelps* v. *McNeely,* 66 Mo. 554, (27 Am. R. 378); *McCulloh* v. *Dashiell,* 1 Am. L. Cas. 473; *Morgan* v. *His Creditors,* 8 Martin, N. S. N. C. 599, (20 Am. Dec. 262); *Wilder* v. *Keeler,* 3 Paige Ch. 167, (23 Am. Dec. 781); *Egberts* v. *Wood,* 3 Paige Ch. 517 (24 Am. Dec. 236.)

And this equity will be enforced in favor of the separate creditor against the prior attachment unless that attachment has been perfected by a prior judgment and levy. *Jarvis* v. *Brooks,* 23 N. H. 136; *Crockett* v. *Crain,* 33 N. H. 550; *Bowker* v. *Smith,* 48 N. H. 111 (2 Am. R. 189); *Crooker* v. *Crooker,* 46 Maine, 265.

If the respondent's attachment was not dissolved by the insolvency his subsequent conduct in appearing and proving his claim in full in insolvency, having the same allowed in full and accepting his full dividend therein with the other creditors is a distinct waiver of all security he might have by attachment or otherwise.

*Rice and Hall,* for the defendants, cited: *Newman* v. *Bagley,* 16 Pick. 570; *Allen* v. *Wells,* 22 Pick. 450; *Stevens* v. *Perry,* 113 Mass. 380; *Camp* v. *Grant,* 21 Conn. 41; *Bardwell* v. *Perry,* 19 Vt. 292; *Emanuel* v. *Bird,* 19 Ala. 596; *Reed* v. *Shepardson,* 2 Vt. 120; *Clark* v. *Lyman,* 8 Vt. 290; *Ex parte Nason,* 70 Maine, 363; Story Eq. Pl. § 505; Story Eq. Jur. § § 64c, 64d, 558; *Bowker* v. *Smith,* 48 N. H. 111; *Cleghorn* v. *Bank of Columbus,* 9 Geo. 319; *Wisham* v. *Lippincott,* 1 Stock. Ch. R. 353; *Barnes' Appeal,* 7 W. and S. 269; *Baker* v. *Wimpee,* 19 Geo. 87.

BARROWS, J. These cases are presented upon the bills and respondents' demurrers, asserting that she has not stated a case that entitles her to the relief prayed for. The essential facts set forth in the first are that this complainant was a creditor of one Isaac H. Cunningham, and attached his real estate September 17, 1875, and levied thereon December 10, 1875. Prior to this, the respondent in March, 1875, brought suit against said Cunning-

ham as the surviving partner of the firm of Post and Cunningham, (which was dissolved by the death of Post, in February, 1875,) for a debt due from said firm and caused the real estate of said Cunningham as surviving partner to be attached but made no special attachment of said Cunningham's individual estate, which suit was entered at the September term, 1875, in the county of Knox, and judgment was rendered in it for the full amount of the debt claimed with interest at the March term, 1877, and the execution was levied, in season to save the judgment creditor's rights under the attachment, on part of the premises previously levied on by the complainant. The bill further charges and the demurrer admits, that when the respondent brought his suit, Cunningham was individually insolvent, but that, at that time, the partnership had both real and personal estate to an amount exceeding what was necessary to pay the respondent's claim, which ought have been attached, that said partnership was duly represented insolvent by said Cunningham in September, 1875, and upon regular proceedings had, the respondent proved his claim against the partnership estate and in February, 1877, before he took his judgment for the full amount of his claim with interest and costs against the surviving partner, there was an order of distribution under which he became entitled to a dividend which he shortly afterwards received and which complainant claims should have been but was not credited to reduce the amount of said judgment. In November, 1878, respondent brought his action at law against complainant for the estate covered by respondent's levy and in March, 1879, complainant commenced this process praying that respondent may be enjoined against prosecuting his suit at law against her and required to release his claim to the estate levied on and for all other appropriate equitable relief.

In the. second case the facts set out are the same with the exception that the respondent Robbins had an attachment of the individual real estate of Cunningham, as well as of the real estate held by him as surviving partner, and it is not in this case claimed that the respondent has received any dividend in insolvency which was not credited before judgment entered up. In support of their respective demurrers, respondents say that the complainant

has a remedy at law which is adequate for the protection of all the rights she has in the premises, that her bill is wanting in equity because the separate property of an individual partner is equally as liable to attachment and levy for the debts of the firm as for his own, and that if complainant was ever entitled to the aid of the court in equity she did not invoke it seasonably or in the proper manner.

There have been no proceedings in insolvency with respect to Cunningham's individual estate.

Doubtless the complainant can avail herself in defence of the suits at law of all the supposed defects in the attachments or levies of the respondents. If the attachments made by the respondents were defective so as not to create a lien on the individual estate of Isaac H. Cunningham, or if they were dissolved by the representation of the firm's insolvency and consequent proceedings in probate court, or if they were waived by proof of the respondent's demands against the firm, so as to be inoperative against the complainant's subsequent attachment, she has no occasion to invoke the aid of the court in equity, for her objections go to the legal validity of the title acquired by the respondents as against her own.

That the court ought not to interfere in equity to deprive the respondents of any benefit they may be legally entitled to by their diligence in securing their demands by attachment of the individual estate of one of the copartners seems to be clear. The doctrine declared in *Ex parte Nason*, 70 Maine, 363, is based upon the idea that the creditor of the partnership is entitled to the benefit of his double security, even when the joint and separate estates are both in the hands of the court, acting, as the court always acts in bankruptcy or insolvency proceedings, upon equitable rules and principles. *A fortiori* when only one of the funds is under the direction of the court and the court cannot marshal the assets in both, it will not interfere with the regular course of proceeding at law by the creditor to whom the credit of both estates was pledged, against the estate which is not in bankruptcy or insolvency.

It should be remembered that he who owes as a partner is himself just as much a debtor as though the debt was contracted

in his individual capacity. The debt is due personally from each member of the firm. Not unfrequently the partnership creditor relies largely upon the ability to pay and the credit of the individual partners and there are no partnership funds accessible. That he is the creditor of both the partners surely should not postpone his claim to that of a creditor to whom one of them alone is indebted.

Clearly the only mode and time for this complainant to claim the aid of the court in marshalling the assets of the partnership and individual estates here found, would have been by putting the individual estate of Isaac H. Cunningham into insolvency in season to dissolve the attachments made upon it. But this she did not apparently regard as a desirable course to pursue. As an attaching creditor she has no equities superior to those whom Isaac H. Cunningham was owing, as a member of the firm of Post and Cunningham. It has often been decided in suits at law that a subsequent attachment by a creditor of the individual partner will not affect the lien acquired by an earlier attachment in favor of a creditor of the copartnership. In all such cases, *qui prior est in tempore potior est in jure.* *Newman* v. *Bagley,* 16 Pick. 570; *Allen* v. *Wells,* 22 Pick. 450; *Stevens* v. *Perry,* 113 Mass. 380. We are satisfied that no different rule should prevail in equity in cases where the distribution of the partnership estate only is proceeding on equitable principles, in insolvency. There is a manifest want of equity in the complainant's claim that she should be allowed all the benefit to be derived from an attachment and sequestration of Isaac H. Cunningham's individual property, for the payment of her claim in full, without regard to diligence and priority as against one who was a creditor of said Cunningham as the surviving partner of an insolvent firm whose estate is distributed in insolvency. The alleged ground that the claims of the respondents might have been secured by an attachment of the partnership property, if tenable under any circumstances, vanishes with the statement of the proceedings for the settlement of the partnership estate in insolvency, which vacated all such attachments in conformity with R. S., c. 81, § § 49, 65, and c. 70, § 6. The principal relief sought by the bills must be denied for want of equity; but the demurrers cannot be sustained if

anything is set forth which entitles the complainant to equitable relief within the scope of her prayers. It appears that besides levying for the full amount of his claims the respondent, Gushee, has received a small dividend from the insolvent partnership estate. His levy, then, upon the property which would otherwise go to pay the complainant's demand, was, to the amount of that dividend, excessive. The bill does not allege that this was fraudulently done. If the judgment was fraudulently excessive, the complainant could make use of the fact to defeat the suits against her at law, and need not resort to equity. But the character of the allegations would seem to indicate that the excess was by reason not of fraudulent design, but of mistake by which the judgment would not be avoided either in law or equity at the instance of any one, whether party or privy, or a stranger, except as to the excess. And in a suit at law, a judgment when rendered by a court having jurisdiction and lawfully entered up, cannot be collaterally impeached, except for fraud or collusion, and is conclusive as to the relation of debtor and creditor between the parties, and as to the amount of indebtedness. *Sidensparker* v. *Sidensparker*, 52 Maine, 481.

But between parties situated as these are, the complainant not being a party or privy to the judgment, it is so far examinable in equity that we may ascertain whether it was rendered for the proper amount, and if not, may give equitable relief.

Upon the facts alleged in the bill in Gushee's case, and admitted by the demurrer, the judgment for the respondents should have been diminished by the amount of the dividend received from the partnership estate, and this sum he holds properly only as trustee for the complainant, who, if the facts are correctly stated, would be entitled to the amount of that dividend. For this cause only,

> *The demurrer in the first case overruled and a respondeas ouster awarded.*
> *In the case against Robbins demurrer sustained.*

APPLETON, C. J., WALTON, DANFORTH and PETERS, JJ., concurred.