GEORGE L. SMITH, PLAINTIFF IN ERROR, v. HARRIET I. JONES ET AL., DEFENDANTS IN ERROR.

| 18 | 481 |
|----|-----|
| 27 | 141 |
| 18 | 481 |
| 33 | 306 |
| 18 | 481 |
| 44 | 117 |
| 18 | 481 |
| 49 | 178 |

1. **Partnership Property.** Real estate purchased by a firm with partnership funds, and for the use of the partnership, is the property of the firm although the conveyance be made to one of the parties.

2. ———: INSOLVENT PARTNERSHIP. The property of an insolvent partnership will be applied in the first instance to the payment of debts due the partnership creditors in preference to the creditors of the individual members of the firm.

3. **Assignment for Creditors.** An assignee for the benefit of creditors under a valid assignment may maintain an action to set aside a sale of real estate under an attachment levied after the execution and delivery of the deed of assignment, where such sale would impair or defeat his title as assignee.

ERROR to the district court for Seward county. Heard below before POST, J., sitting for NORVAL, J.

*D. C. McKillip* and *John H. Ames,* for plaintiff in error, cited: *Blake v. Graham,* 6 Ohio State, 583–4. Wade on the Law of Notice, § 204 and *et seq.* to § 213. *Ely v. Wilcox,* 20 Wis., 551. *Maul v. Rider,* 59 Pa. State, 167. *Chicago v. Witt,* 75 Ill., 211. *Bates v. Norcross,* 14 Pickering, 224.

*Hastings & McGintie,* for defendants in error, cited: *Ashton v. Jones,* 14 Neb., 426. *Sullivan v. Smith,* 15 Id., 477. *Burpee v. Smith,* Walkers Ch., 327. *Colby v. Brown,* 10 Neb., 413. *Drake v. Jones,* 27 Miss., 427. *Watkins v. Logan,* 3 B. Mon., 20.

MAXWELL, J.

A demurrer to the petition was sustained in the court below, and the action dismissed. The plaintiff appeals. It is alleged in the petition, in substance, that prior to the

31

14th day of October, 1880, Peter Hennegin and William Ashton were partners doing business at Seward under the name and style of " Hennegin & Ashton ;" that prior to said date said firm had purchased and paid for with partnership funds certain real estate in Seward county, which is described, which real estate was purchased for and used by said partnership, but the legal title to the same was in Hennegin ; that on 14th day of October, 1880, said firm was indebted in about the sum of $5,000, and was unable to pay its debts in full, and the members of said firm were also individually insolvent and unable to pay their debts ; that on said day said " co-partnership, by a deed of assignment duly signed, executed, acknowledged, and delivered to the plaintiff, duly assigned and conveyed to the plaintiff in trust for the benefit of the creditors of said co-partnership all and singular the goods, chattels, effects and property, lands and tenements of said co-partnership, including the real estate in question ; that said firm was openly and notoriously in possession of said real estate until the time of said assignment, and since that time the plaintiff has been and now is in possession thereof, and that said assignment was duly recorded within thirty days from its date, etc.; that on the 15th of October, 1880, and after said deed of assignment had been executed and delivered to the plaintiff, the State Bank of Seward and others began actions by attachment against Peter Hennegin for his individual debts, and caused said attachments to be levied upon the real estate in controversy as the property of said Hennegin ; that afterwards judgments were recovered in said actions and the property in question sold under the attachments to the defendants in this action, and " should said sales be confirmed by order of this court, and conveyance thereof be made to the purchasers of said property thereat, said property would all of it be conveyed by said purchasers to innocent parties, and be wholly lost to the plaintiff and the creditors of said partnership," etc.   It is also alleged that

" Hennegin had absconded and abandoned said partner-ship business and property, and had ceased to act as a member of said firm long before the said 14th day of October, 1880, leaving the said Wm. H. Ashton the only remaining and acting partner of said firm, and that said deed of assignment was executed by said Ashton in the firm name of Hennegin & Ashton, alone and without the individual name or signature of said Peter Hennegin, so that the same does not purport of record to convey the above mentioned property, the apparent record of title of which is in said Hennegin individually, as aforesaid." The prayer is for an injunction and to have said sales set aside, and the application of the property to the creditors of the firm. It is well settled in this court that property purchased with partnership funds inures to the benefit of the partnership. *Catron v. Shepherd,* 8 Neb., 308. *Bowen v. Billings,* 13 Id., 439. And even if the title be taken in the name of one member of the firm, the property is that of the partnership. *Id.* And where the firm is insolvent the partnership property is primarily liable for the partnership debts. *Bowen v. Billings,* 13 Neb., 439. *Roop v. Herron,* 15 Id., 73. This is the general rule, and where a firm is insolvent its property is a trust fund for the benefit of its creditors. *Murray v. Murray,* 5 Johns. Ch., 60. *West v. Skip,* 1 Ves. Sen., 239. *Ex parte Ruffin,* 6 Ves., 119. *Campbell v. Mallett,* 2 Swanst., 551. *Young v. Frier,* 1 Stockt. Ch., 465. *Robbins v. Cooper,* 6 Johns. Ch., 186. *Ex parte Crowder,* 2 Vern., 706. *Ex parte Cook,* 2 P. Wms., 500. Parsons on Partnership, *pages 348, 349, and notes. The property in question, therefore, if the allegations of the petition are true, belonged to the firm, and should be applied in favor of the creditors of the partnership, and the attempt to apply it to creditors of one of the members of the firm is entirely unauthorized, and the sale should be set aside.

2. The right of the plaintiff to bring the action. In

England the courts seem to hold that primarily such assignments do not create a trust, nor clothe the creditors with the character *cestuis qui trustent*, but merely make the assigneee an agent of the debtor to dispose of and apply the property under the debtor's directions. *Garard v. Lauderdale*, 3 Sim., 1. *Walwyn v. Coutts*, 3 Id., 14. *Acton v. Woodgate*, 2 M. & K., 492. *Brooks v. Marbury*, 11 Wheat., 78. In this country, however, it is generally held that a voluntary assignment for the benefit of creditors, if valid, is not a mere agency of the debtor, but creates trust relations, and the creditors are the beneficiaries. *Moses v. Margatroyd*, 1 Johns. Ch., 119, 129. *Shepherd v. Mc-Evers*, 4 Id., 136. *Nicoll v. Mumford*, Id., 523. *Ward v. Lewis*, 4 Pick., 518. *N. E. Bank v. Lewis*, 8 Id., 113-118. *Pingree v. Comstock*, 18 Id., 46. *Read v. Robinson*, 6 W. & S., 329. *McKinney v. Rhoads*, 5 Watts, 343. *England v. Reynolds*, 38 Ala., 370. *Pearson v. Rockhill*, 4 B. Mon., 296. The assignee, therefore, can maintain an action to protect the trust estate. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.