CHARLES BAYER *vs.* THOMAS T. LOVELACE & another & trustee.

Suffolk.     December 6, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Trustee Process. Jurisdiction. Corporation*, Foreign. *Judgment. Partnership. Words*, " As copartners."

A writ described the defendants in the words " L. and K. as copartners under the firm name and style of L. and Company " and summoned a corporation as " trustee of the said defendants' goods, effects and credits." The trustee owed L. nothing and owed the firm nothing, but owed K. $2,000. *Held*, that the trustee should be charged, the words " as copartners " not being a limitation of the right of attachment.

If a plaintiff, who is not an inhabitant of this Commonwealth, brings an action in a court of this Commonwealth against two defendants, neither of whom is such an inhabitant, and summons as trustee, by service of process upon the commissioner of corporations in accordance with St. 1903, c. 437, § 58, a foreign corporation which has a usual place of business in this Commonwealth and which owes one of the defendants a certain amount of money, jurisdiction thus is obtained

by the court here and, until the action is determined, the trustee should not be discharged although during the pendency of the action here the defendant to whom it owed the money brought suit upon that claim against it in a court in a foreign country and recovered a judgment which it paid, if it did not inform the court of the foreign country of the pendency of the action here.

CONTRACT against " Thomas T. Lovelace and William Krugel as copartners under the firm name and style of T. T. Lovelace and Company and having their usual place of business in Cartagena in the Republic of Colombia," as defendants, and " Compania Fluvial de Cartagena, a corporation duly organized under the laws of the State of West Virginia and having its usual place of business in Boston in the county of Suffolk, trustee of the said defendants' goods, effects and credits." Writ dated December 8, 1904.

There was no return of any service upon either defendant by publication or otherwise. The defendant Lovelace appeared by his attorney. The defendant Krugel did not appear. The officer's return showed service upon the trustee on December 8, 1904, by delivery of the writ to the commissioner of corporations according to St. 1903, c. 437, § 58.

The trustee answered on December 11, 1905, denying that it had in its hands or possession any goods, effects or credits of the firm of T. T. Lovelace and Company, and alleging that on or about August 27, 1904, it owed the defendant Lovelace $2,000, that on that date Lovelace gave it notice that he had assigned his claim against it to William Krugel, the other defendant, that it had agreed with Lovelace and with Krugel to pay the $2,000 to Krugel, and that it was in danger of being sued by Krugel for that sum.

On April 22, 1908, the trustee filed a supplemental answer alleging that on May 16, 1906, in a court of competent jurisdiction in the Republic of Colombia Krugel had recovered judgment against it for the $2,000 above mentioned, which judgment it had paid on October 24, 1906.

The trustee thereupon moved for its discharge. The motion was heard by *Richardson, J.* It was agreed by the parties that, " so far as appears " by the record of the judgment of Krugel against the Compania Fluvial de Cartagena, that corporation " did not inform the " court from which the judgment issued

" of the pendency of the trustee process against it " in this Commonwealth, " and that the record does not disclose that " such court " had any knowledge of the pendency of this trustee process."

The presiding judge ruled " that the debt due from the trustee to the defendant Krugel was held under attachment on the writ in this action, . . . that the judgment recovered against the trustee by the defendant Krugel affords no protection to the trustee in the present action, . . . denied the trustee's motion," and reported the case for determination by this court.

*J. Cavanagh,* for the plaintiff.

*H. M. Davis,* for the trustee.

KNOWLTON, C. J.   The plaintiff, an inhabitant of another State, sued a non-resident partnership by trustee process, and summoned as trustee a foreign corporation, having a usual place of business in this Commonwealth, serving the writ on the commissioner of corporations under the authority of the St. 1903, c. 437, § 58.   The trustee owed Krugel, one of the defendant partners, $2,000 upon an accepted order.   The first question in the case is whether this debt could be attached effectively by a process of this kind.

The case falls exactly within that part of the R. L. c. 189, § 1, which permits a foreign corporation to be summoned as a trustee of the defendant, if it has a usual place of business in the Commonwealth of Massachusetts.   Jurisdiction is thus obtained over the debt due a defendant, and it matters not whether the plaintiff or defendant, either or both, are or are not inhabitants of this Commonwealth.   This is the doctrine which prevails generally, although not universally, in the courts of this country, and which is held by this court and the Supreme Court of the United States.   *Rothschild* v. *Knight,* 176 Mass. 48.   *Biggert* v. *Straub,* 193 Mass. 77.   *Chicago, Rock Island & Pacific Railroad* v. *Sturm,* 174 U. S. 710.   *King* v. *Cross,* 175 U. S. 396.   *Harris* v. *Balk,* 198 U. S. 215.   It is definitely decided that a judgment of this kind, charging a trustee, upon which he makes a payment, completely protects him, under the Constitution of the United States, against a suit by his creditor in another State.   *Louisville & Nashville Railroad* v. *Deer,* 200 U. S. 176.   While in none of the cases are the

facts exactly like those now before us, we think the principles and doctrines laid down in the cases above cited, when applied to the statute already referred to, fully cover the fundamental question in the present case.

The fact that the debt was due to only one of the defendant partners, and that the direction in the writ was to attach the property of these two persons as copartners, does not affect the plaintiff's rights. *Stevens* v. *Perry*, 113 Mass. 380. The words " as copartners " are not a limitation of the right of attachment, but merely a description of the relations of the defendants to each other and to the plaintiff's claim.

The trustee relies upon the fact, set up in its supplemental answer, that since the commencement of this case, its creditor, the defendant Krugel, has brought a suit against it in the court of Cartagena, Colombia, for this debt, and has recovered judgment for it, and the trustee has paid it upon the judgment. On this answer, unless there are undisclosed facts which will qualify the ordinary effect of what has been done, a judgment charging the trustee will compel it to pay the debt twice. Such a result, unless brought about by the trustee's own misconduct or negligence, would be deplorable. It is admitted that, so far as appears by the record, the trustee did not inform the court of Cartagena, Colombia, of the trustee process against it in the court in Massachusetts, and the court there had no knowledge of the pendency of this suit. The trustee, by its managing director, being examined upon interrogatories, admitted that it owed the debt to the defendant Krugel, and a decree was entered ordering payment to him.

It was the duty of the trustee to make such disclosure as would protect the rights of the plaintiff in this suit, and would also protect itself from a liability to double payment. It is a fair inference that, if the facts had been made known to the court in Colombia, the lien acquired by the plaintiff here would have been recognized and respected. We are not informed as to what the law of Colombia is, in reference to such conditions as appear in this case, but there is no reason to think that it is different from that of this country.

If the trustee asks to be discharged by reason of what occurred in the Republic of Colombia, it is its duty to show that it was

compelled to pay, after such presentation of the facts as the rights of the present plaintiff required. It has failed utterly to show this. The judgment in Colombia was such as any court would have been obliged to render upon the case there presented. The trustee cannot take advantage of it here to prevent such a judgment as our law requires; for it is not a judgment founded on the facts, but it is a judgment rendered in ignorance of facts which the trustee ought to have made known.

We are therefore of opinion that this action of the foreign court should not be permitted to affect the rights of the parties under the law of Massachusetts, in its application to the undisputed facts.

*Motion denied; trustee charged.*