(85 Misc. Rep. 336)

LOVINS v. LAUB et al.

(Supreme Court, Special Term, Kings County. April, 1914.)

1. PARTNERSHIP (§ 181*)—INTEREST OF PARTNER IN FIRM.

The interest of a partner which may be reached by creditors is his share of the partnership effects or the proceeds thereof after payment of the firm debts and the adjustment of equities between the partners.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 310, 316, 317; Dec. Dig. § 181.*]

2. PARTNERSHIP (§ 271*)—DISSOLUTION AND ACCOUNTING—TRANSFER OF PARTNER'S INTEREST.

Under Code Civ. Proc. § 2468, providing that the property of a judgment debtor is vested in a receiver appointed in supplementary proceedings, who has duly qualified, from the time of filing the order appointing, the appointment of a receiver ipso facto terminated a partnership between the debtor and a third person and entitled the receiver to withdraw the judgment debtor's share of the partnership property and apply it on the judgment.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 616; Dec. Dig. § 271.*]

Action by Maxwell Lovins, as receiver in supplementary proceedings of Joseph Laub, against Joseph Laub and others, to reach the judgment debtor's interest in a partnership. Interlocutory judgment directing an accounting and appointing a referee to take and state the account granted.

Charles H. Levy, of Brooklyn, for plaintiff.

Charles Frankel, of New York City, for defendants Clara Laub and Jacob Laub.

Samuel S. Rubenstein, of New York City, for defendant Joseph Laub.

BENEDICT, J. [1] I find as matter of fact that Joseph Laub, of whose property plaintiff has been appointed receiver in supplementary proceedings, was, at the time of the commencement of such proceedings and at the time of the appointment of the receiver, a partner of the defendant, Jacob Laub, in the firm of Laub Bros. The question then arises: What are the rights of the plaintiff in the part-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

nership property? The rule of law determinative of this question was well stated by Chancellor Walworth in Buchan v. Sumner, 2 Barb. Ch: 165, 197, 47 Am. Dec. 305, as follows:

"It is a settled principle of the law of partnership that the partnership effects are to be applied in the first place to the payment of the debts of the firm, and to equalize the claims of the different copartners in relation to the fund. In other words, the separate estate or interest of a copartner in any of the copartnership property, is only his share, of that part of the copartnership effects, or of the proceeds thereof, which remains, after the debts of the firm, and the demands of his copartners, as such, are satisfied. And if one of the copartners has paid more than his share of the partnership debts, he has a claim upon the partnership property, which claim in equity is paramount to the claims of the separate creditors of his copartner."

This rule is supported by the authorities in this and other states. Robbins v. Cooper, 6 Johns. Ch. 186; Drexel v. Pease, 129 N. Y. 96, 103, 29 N. E. 241; Hill v. Beach, 12 N. J. Eq. 31, 38; Carter v. Calloway, 36 La. Ann. 473; Claflin v. Bennett (C. C.) 51 Fed. 693, 700, affirmed, sub nom. Blair v. Harrison, 57 Fed. 257, 6 C. C. A. 326.

The plaintiff is therefore entitled to reach only the interest of Joseph Laub in the partnership assets after deducting the partnership debts and adjusting the equities between him and the other member of the firm; and for the purpose of ascertaining the amount of such interest, if any, an accounting will be ordered.

[2] The next question relates to the relief which can be given in case it shall be found on the accounting that Joseph Laub had an interest in the firm assets. In my opinion the appointment of the receiver worked ipso facto a dissolution of the partnership. It is well settled that a voluntary transfer of his interest by one partner to a stranger, or the bankruptcy of one partner, will work a dissolution of the firm even though the term of the partnership has not expired. In Marquand v. N. Y. Manufacturing Co., 17 Johns. 525, where it appeared that one partner had before the expiration of the partnership according to the terms of the agreement made an assignment of his interest therein as security for an indebtedness of his own, the chancellor in giving the reasons for his judgment, which was affirmed by the Court of Errors and Appeals, said:

"I was of opinion that the partnership was dissolved by the assignment, and that the appellants were accountable for all the interest of Fitch in the capital and in the profits of the concern. I do not mean to say that a voluntary assignment by Fitch, of his property to his creditors, may not be a breach of his contract or covenant with his copartners. The question, as between them, under their articles of agreement, it was not necessary to discuss. But the creditors of one copartner, who take his property by assignment, or on execution, cannot be involved, against their consent, in the responsibilities of a copartnership. The capital stock, or interest of a partner, is certainly liable to his separate debts. His creditors are entitled to it without the risk and burden of being partners. An act of bankruptcy, says Lord Mansfield (Cowp. 448), is a dissolution of the partnership, not only by virtue of the statutes of bankruptcy, but from the necessity of the thing, since assignees cannot carry on a trade. According to the doctrine on the part of the appellants, a party may lock up his capital in a mercantile house, by such an agreement as the one in this case, and it must remain untouched, without the consent of his copartners, during his life. If the creditors take it by assignment, they must become partners in the firm, and can only touch the yearly profits, and must be liable to the yearly losses, and for all the engagements of the firm. This

doctrine appears to me to be too unreasonable, and too inconvenient, to be en-dured."

In Renton v. Chaplain, 9 N. J. Eq. 62, where the interest of one partner in a firm was sold on execution, the chancellor of New Jersey said:

"It is laid down by all the elementary writers on partnership, and seems now well established by judicial decisions, that 'a sale of partnership effects, under a separate execution against one partner, operates as a dissolution of the copartnership.' It is true that in many cases this rule must necessarily work great hardship; and particularly so where a large capital has been expended in a manufacturing business, the partnership entered into for a definite period unexpired, and the anticipated profits depending upon the skill that could be acquired only by time and experience. And yet the dissolution seems to follow as an unavoidable consequence. The capital and the interest of the insolvent partner are withdrawn. There is no longer any inducement for him to devote his time or his abilities to the business of the partnership. A stranger has, by law, assumed a position which he never would have occupied with the consent of the other partners, and it would be unwise and unreasonable for the law to force him into the partnership, either against his own consent, or the consent of the other partners. Whether, by the deed of copartnership, provisions may not be made for a dissolution of this kind, which may in some measure lessen the inconvenience and disasters which in many cases necessarily follow, is a question of moment."

See, also, Mumford v. McKay, 8 Wend. 442, 24 Am. Dec. 34; Ogden v. Arnot, 29 Hun, 146, 148; Conrad v. Buck, 21 W. Va. 396, 407; Borah v. O'Niell, 116 La. 671, 41 South. 29.

The order appointing plaintiff receiver of the property of Joseph Laub operated to transfer to the receiver the legal title to Joseph Laub's interest in the partnership. Code Civ. Proc. §§ 2468, 2469; McCorkle v. Herrman, 117 N. Y. 297, 301, 22 N. E. 948; Armstrong v. McLean, 153 N. Y. 490, 497, 47 N. E. 912. The judgment creditor has a right to have this property of the judgment debtor applied to the payment of his judgment, and as the receiver cannot, for reasons already stated, become a member of the partnership, the effect of his appointment and the resulting transfer of the judgment debtor's interest is a dissolution of the partnership.

If therefore upon the accounting any sum shall be found due to Joseph Laub out of the partnership property or from the other partner, the receiver will be entitled to final judgment for such sum.

An examination of the cases cited on behalf of the defendants shows that each of them involved a state of facts totally different from that of the case at bar.

Present findings and interlocutory judgment directing an accounting and appointing a referee to take and state the account.