GEORGE SERGIO GOMEZ, Also Known as SERGIO GOMEZ, Plaintiff, *v.* ARTURO VAZQUEZ and Others, Copartners Doing Business under the Firm Name and Style of VAZQUEZ, VARONA Y COMPANIA, Defendants.

City Court of New York, Special Term, New York County, December 3, 1941.

*Arnold Dumey,* for the plaintiff.

*Josiah Reiss,* for the defendants.

BYRNES, J.   This is a motion to vacate a warrant of attachment levied upon the individual property, consisting of a bank account, of a member of a partnership.

It is necessary to determine whether the property of an individual partner may be attached in an action based upon a partnership debt, arising out of an alleged contractual obligation of the partners. The obligation of the partners in such case is joint, not joint and several.   (Partnership Law, § 26, subd. 2.)   It was the same at common law.   (*Seligman* v. *Friedlander,* 199 N. Y. 373, 376.) Nevertheless joint creditors may at law satisfy an execution out of the joint property and also out of the separate property of any

one or more of the debtors (*Saunders* v. *Reilly*, 105 N. Y. 12, 21); and a judgment for a partnership debt becomes a lien upon the real estate of each of the partners with the same effect as if it were for the separate debt of such partner. (*Meech* v. *Allen*, 17 N. Y. 300.)

In this case the partnership is composed of three persons. The principal place of business of the partnership is in the city of Havana, Republic of Cuba. Two of the partners are residents there. One of them is a resident of New York and it is his bank account which has been attached. The ground of the attachment is that the resident partner is about to remove his property from the State with intent to defraud his creditors. (Civ. Prac. Act, § 903, subd. 3.) It sufficiently appears from all the papers that there are no partnership assets in this State and that the non-resident partners have no assets here; that the only property either of the partnership or of the partners available in this jurisdiction to a creditor is the bank account which has been attached. In an affidavit made in connection with another proceeding proponent said of the partnership, " It is a Cuban meat business, a minor part of which is to export meat to this country but not to the partnership, which has no office here, or telephone, or bank account, or does any selling here — in other words, the defendant foreign partnership does no business here. Not only does the partnership carry on no business in this State, but it holds no property of any kind here."

The question presented here — whether, in an action upon a partnership debt, a warrant of attachment may be levied upon the individual property of the resident partner on the ground that he is about to remove it from the jurisdiction in order to defraud creditors — is answered (47 C. J. pp. 979, 980, § 513) as follows: " Firm creditors may attach and hold the separate property of each partner, in a suit against the firm, or against him; this right is qualified in some jurisdictions by the requirement that, to justify such attachment, there be insufficient firm assets to meet its obligations, or that there be some ground for belief that the firm is insolvent; and such attachment may be limited to the property of those partners who have been guilty of misconduct for which the attachment is allowed." In the present case all of these qualifications are met, for, as above stated, there appears to be no firm assets here or assets of other partners and there is some evidence that the sole resident partner, whose property has been attached, is about to remove it from the jurisdiction.

Research brings to light only a few New York cases in which the question has been passed upon. In *Buckingham* v. *Swezey* (25 Hun, 84; 61 How. Pr. 266) an attachment was allowed to stand, in an action on a partnership debt, against the separate **property**

of the absconding partner. In *Matter of Chipman* (14 Johns. 217) " The Court were of opinion, that an attachment might be taken out against the property of an absconding, or absent partner, for a debt due by the firm, although other partners belonging to the firm were resident within the State, and capable of being arrested * * *." (To similar effect is *Robbins* v. *Cooper*, 6 Johns. Ch. 186. Compare, also, *Matter of Smith*, 16 Johns. 102.)

The weight of authority in other States is in accord with the view that the separate property of a partner may be attached for a partnership debt. In *Stevens* v. *Perry* (113 Mass. 380) the Supreme Judicial Court of Massachusetts, by AMES, J., said: " It is well settled, as matter of law in this Commonwealth, that in a suit against two or more copartners upon their joint debt, the separate property of any one of the partners may be attached, and the lien so acquired is not discharged or impaired by a subsequent attachment of the same property, upon a suit in favor of a separate creditor of the same partner. *Allen* v. *Wells*, 22 Pick. 450; *Newman* v. *Bagley*, 16 Pick. 570. The Supreme Court of New Hampshire has in several cases held otherwise. *Jarvis* v. *Brooks*, 23 N. H. 136; *Bowker* v. *Smith*, 48 N. H. 111. But we must consider ourselves bound by our own decisions. As the debt due from the partners jointly is also due from each, it may be enforced against the separate property of each. It is immaterial whether this separate property is in the form of goods and movable chattels, or goods, effects and credits intrusted and deposited in such a manner that they can only be attached upon a trustee process. It is not necessary that the principal debtors should have made a joint deposit, or that the fund should belong to them jointly. It is enough if funds attachable upon a trustee process are due from the alleged trustee to either one of the principal defendants." This case was followed in *Bayer* v. *Lovelace* (204 Mass. 327, 330; 90 N. E. 538). In *Davis* v. *Werden* (13 Gray [79 Mass.], 305) an attachment was allowed against the property of a non-resident partner for a debt of the firm, on the ground of his non-residence. Among cases in other States to the same effect is *Evans* v. *Virgin* (69 Wis. 153; 33 N. W. 569).

In the present case it is unnecessary to decide whether, as to individual property, a creditor of the individual partner would have priority over a creditor of the partnership. There is no need for marshaling of assets as in equity, and the principle prevailing in law should be applied, that a partnership creditor can satisfy his debt at will both out of firm property and property of individual partners served with process. (Compare, in this connection, *Meech* v. *Allen*, *supra*.)

I hold, therefore, that in this case the warrant of attachment was properly issued against the individual property of proponent.

The other grounds upon which the motion is made do not, I think, require extended consideration. Enough is shown to establish *prima facie* that proponent is about to remove his property from the State in order to defeat the collectibility of any judgment which the plaintiff may obtain. The present motion was not made solely upon the original papers upon which the warrant of attachment is based but upon other affidavits. This enabled plaintiff to come forward with additional proof and he has done so. Enough is shown also to make a *prima facie* cause of action, and damages are sufficiently established. The proceedings under the prior warrant of attachment, issued against the same bank account on the alleged ground that it was property of the other, the non-resident partners, which it was found not to be, are not a bar to the present warrant. No adequate evidence of a substantial counterclaim is offered and if there is a counterclaim it would not constitute ground to vacate the attachment; it would require only that the amount of the attachment be reduced.

The motion to vacate the warrant of attachment is denied.

However, it seems to me that, in the circumstances, plaintiff's undertaking should be enlarged to $750. Under the application for " such other and further relief as to the Court may seem just and proper," the motion is granted to the extent of requiring plaintiff to furnish a bond in the sum of $750.

Settle order.