CHRISTIAN S. DELAVAN, Respondent, *v.* FLEMING DUNCAN, Appellant.

A contract to sell and convey land can only be performed by giving a deed that will vest in the grantee an indefeasible title.

Where, under such a contract, the vendee is prepared to pay the purchase-money, but in consequence of the title being incumbered the vendor is unable to perform, a tender of the purchase-money is not necessary in order to preserve the vendee's rights under the contract.

Although relief will sometimes be granted by a court of equity to one who has not complied with the strict terms of his contract, yet it will only be done in cases where the party seeking it makes out a case free from all doubt, shows that the relief he asks is under all the circumstances equitable, and accounts in a reasonable manner for his delay and apparent omission of duty.

Defendant contracted to sell and convey certain premises. At the time fixed for performance he was unable to give an unincumbered title. No part of the purchase-money was paid, and defendant remained in possession.

Plaintiff brought action for specific performance three years and a half after the time fixed for performance, without giving any notice meantime of his intent to insist upon the execution of the contract and without excusing the delay. *Held* (RAPALLO and PECKHAM, JJ., dissenting) that plaintiff was not entitled to the relief sought.

(Argued April 23, 1872 ; decided May 28, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered upon the decision of the court at Special Term.

The action was brought for the specific performance of a contract. The substance of the contract and the facts are set forth in the opinion.

*Samuel Hand* for the appellant. The agreement was simply "to sell," and defendant was not bound to give a warranty deed, or one with covenant against incumbrances. (*Ketcham* v. *Swab*, 13 J. R., 359 ; *Van Eps* v. *Corporation of Schenectady*, 12 J. R., 436 ; *Nixon* v. *Hyserott*, 5 id., 58 ; *Gazeley* v. *Price*, 16 Johns., 267 ; *Parker* v. *Parmelee*, 20 id., 130.)

*Horace Andrews* for the respondent. Defendant was required by the contract to convey an unincumbered title. (*Smith* v. *Haynes*, 9 Greenl., 128 ; *Throughton* v. *Throughton*, 1 Ves., Sr., 86 ; *Newman* v. *Rogers*, 4 Bro. Ch., 394 ; 2 Sugden, Vend., 419 ; *Johnson* v. *Johnson*, 3 Bos. & Pull., 162 ; *Crippes* v. *Reed*, 6 Term R., 162 ; *Roffey* v. *Shallcross*, 4 Madd., 122 ; *Judson* v. *Wass*, 11 Johns., 525 ; *Dalbey* v. *Pullen*, 3 Simons, 29 ; *Ward* v. *Trathen*, 14 id., 82 ; Rawle on Covenants for Title, 458 ; *Burwell* v. *Jackson*, 9 N. Y., 535 ; *Fletcher* v. *B⋅tton*, 4 Comst., 396 ; *Hill* v. *Ressegien*, 17 Barb., 162, 164 ; *Earl* v. *Campbell*, 14 How., 330 ; *Rigney* v. *Cowles*, 6 Bosw., 479.) A tender of performance need not be made where it would be wholly nugatory. (*Clark* v. *Crandall*, 27 Barb., 73 ; *North* v. *Pepper*, 21 Wend., 636 ; *Cornwell* v. *Haight*, 21 N. Y., 462 ; *Curry* v. *Smith*, 2 id. [2 Comst.], 60 ; *Skinner* v. *Tinker*, 34 Barb., 333 ; *Crist* v. *Armour*, id., 378 ; *Main* v. *King*, 8 Barb., 537 ; *Morange* v. *Morris*, 32 How., 178 ; *Foot* v. *West*, 1 Den., 544.) Plaintiff is entitled to specific performance. (Story Eq. Jur., 105 ; Rawle on Cov., 430 ; *Worrall* v. *Munn*, 38 N. Y., 137.)

GROVER, J. The contract of the appellant to sell to the respondent the lands therein described required the former to convey the same to the latter as specified. This is conceded by the counsel of the appellant ; but he insists that the execution and delivery by the appellant of a deed, that would invest the respondent with such title as the appellant had, would be a performance of the obligation although such title was not perfect or free from incumbrances. *Van Eps* v. *The Corporation of Schenectady* (12 Johns., 436) ; *Gazley* v. *Price* (16 id., 267), and *Parker* v. *Parmele* (20 id., 130), are cited in support of this position. In the case first cited, the only question having any analogy to the one now under consideration was whether such a contract bound the vendor to give a deed with covenants of warranty, and against incumbrances or other personal covenants. It was held that it did not ; but the question whether the deed must not convey an

indefeasible title was not raised or considered. In *Gazley* v. *Price* it was held that a covenant to give a good and sufficient deed of lands was satisfied by the giving of a deed, properly executed in due form, although an indefeasible title was not thereby conveyed. In *Parker* v. *Parmele* a like doctrine was held. But these cases have been overruled by this court in *Burwell* v. *Jackson* (5 Selden, 536). In this case it was distinctly held that a covenant to give a good and sufficient conveyance of land could be performed only by giving a deed that would vest in the grantee an unincumbered title to the premises. An examination of the able opinion in this case shows, upon principle and authority, that such is the law. It was so determined; and any further discussion of the question would be superfluous. It may be remarked that the latter case does not overrule the former as to the kind of deed that must be given, but as to the title that must be conveyed. A grant without covenants of warranty would have been a performance, in the present case, provided an indefeasible title had been thereby conveyed. It follows that the deed offered by the appellant to the plaintiff was not a performance of the covenant, and that the plaintiff was not bound to accept it, for the reason that the land was subject to the lien of judgments against the defendant. It appears that the plaintiff was prepared to pay the purchase-money upon the delivery of a deed vesting him with an unincumbered title, but that the defendant had not power to give such a deed. The plaintiff, under these circumstances, was not bound to make a tender of the money. The right of the plaintiff to a specific performance of the contract was established, unless lost by his subsequent laches. The contract was made November 6th, 1862, for the sale of a house and lot, in the city of New York, for the price of $5,500, to be paid on the fifteenth of the same month, or as soon thereafter as the title could be searched; not to exceed thirty days. The judge finds as facts, that early in December, 1862, about twenty days after making the agreement, the title to the property having been searched, the plaintiff said

to the defendant that there were judgments recorded against him, describing such judgments, and requested him to have said liens removed, and stated that he was then ready to fulfill his agreement; that the defendant said he could not or would not remove the liens. The action was not commenced until August, 1866. The inquiry is whether, upon these facts, the plaintiff was entitled to judgment for specific performance; and if not, whether the evidence authorized the finding of such additional facts as would entitle him to such judgment. Fry on Specific Performance (§ 730), a work of acknowledged authority, says: "The Court of Chancery was, at one time, inclined to neglect all consideration of time in the specific performance of contracts for sale, not only as an original ingredient in them, but as affecting them by way of laches. But it is now clearly established that the delay of either party in not performing its terms on his part, or in not prosecuting his right to the interference of the court by filing a bill, or lastly, in not diligently prosecuting his suit when instituted, may constitute such laches as will disentitle him to the aid of the court, and so amount, for the purpose of specific performance, to an abandonment, on his part, of the contract." Section 731 refers to the cases in which this doctrine was established. Section 732 says: "The doctrine of the court thus established, therefore, is that laches on the part of the plaintiff, either in executing his part of the contract or in applying to the court, will debar him from relief." "A party cannot call upon a court of equity for specific performance," said Lord Alvanley, "unless he has shown himself ready, desirous, prompt and eager;" or, to use the language of Lord Cranworth, "specific performance is relief which this court will not give, unless in cases where the parties seeking it come as promptly as the nature of the case will permit." The cases cited by the author fully sustain his conclusions. (See, also, *Marquis of Hertford* v. *Boore*, 5 Vesey, 719, and cases cited, note *b*, 720; Story's Equity, §§ 771, following to 781.) In *Taylor* v. *Longworth* (14 Peters, 172) Judge Story, in giving the opinion of the court, at p. 175, says: "Relief

will be given to a party who seeks it if he has not been grossly negligent, and comes within a reasonable time, although he has not complied with the strict terms of the contract. But in all such cases the court expects the party to make out a case free from all doubt, and to show that the relief which he asks is, under all the circumstances, equitable; and to account, in a reasonable manner, for his delay and apparent omission of his duty." Applying these principles to the facts found in the present case, I think it clear that the plaintiff was not entitled to the relief granted by the court. He had paid no part of the purchase-money. The vendor had remained in possession, so far as appears, regarding and using the premises as his own. The plaintiff delayed for three years and a half in commencing his action, without giving any intimation to the defendant in the mean time of any design to insist upon the execution of the contract, although notice of such intention might easily have been given. No excuse whatever for this long delay is contained in the facts found. If, under such circumstances, specific performance may be decreed, the doctrine of courts of equity, that diligence must be exercised in the pursuit of this kind of relief, is wholly without meaning. But it is said that this question was not properly raised in the trial court. The facts were found, from which the conclusion was deduced, that the plaintiff was entitled to judgment for specific performance. To which conclusion the counsel for the appellant excepted. It is difficult to see how the question could have been more distinctly raised or presented. It only remains to inquire whether the evidence would have warranted the finding of such additional facts as would sustain the judgment.

The plaintiff, in his complaint, to excuse his delay, alleges that the defendant told him that he had appealed from the judgments, which were liens, to the Court of Appeals, and that the plaintiff must wait till the determination of said appeals and the settlement of said suits; and that the defendant would then, according to his contract, convey said premises to the plaintiff, and to which the plaintiff assented. This allegation was

denied by the answer. No proof whatever was given to sustain it. The only proof given, having any relation to this allegation, was the testimony of the plaintiff, that the defendant requested him to wait a short time, and until the 1st of January, 1863, by which time he said he would have the liens removed; to which the plaintiff assented. The plaintiff further testified that he did not learn that the judgments were removed until shortly before the commencement of the action in August, 1866. It may be assumed that the judge found in accordance with this testimony. Upon this assumption it appears that the defendant, being unable to perform his contract in December, 1862, the parties agreed verbally to extend the time for such performance until January 1st, 1863; at which time the plaintiff was to receive his deed and pay the entire purchase-money. The plaintiff waits three years and a half without taking any steps toward performance on his part; the defendant remaining in the possession of the land. Had the contract originally fixed the first of January for performance, that this delay would have been a bar to the remedy sought, is too clear for discussion. I am unable to see how the plaintiff is in any better position by this day having been fixed by the agreement for extending the time. When the plaintiff ascertained that the lien was removed is immaterial. His right to proceed to enforce the contract was perfect before such removal. In such proceeding the court would have compelled the defendant to remove the lien, if in his power; and if not, given him an election to take such title as the defendant could give, or the damages to which he was entitled. It must be borne in mind that the defendant had lost all remedy upon the contract against the plaintiff. Under such circumstances the plaintiff had no equitable right to watch and wait during the period of the statute of limitations to avail himself of the benefit of the contract if advantageous to him, but absolved therefrom if

otherwise. The judgment appealed from must be reversed, and a new trial ordered, costs to abide event.

All concur, except RAPALLO and PECKHAM, JJ., dissenting.

Judgment reversed.