CHRISTIAN S. DELAVAN, APPELLANT, *v.* FLEMING DUNCAN, RESPONDENT.

*Specific performance — delay induced by defendant no defense in action for.*

Where land contracted to be sold was incumbered by a judgment against the vendor, an appeal having been taken, however, in the action in which the judgment was recovered, and on the application of the vendee's agent for the fulfillment of the contract, the vendor said the vendee would have to wait till the suit was settled, which statement was communicated to the vendee, who said, "very good," and proceeded to have his contract acknowledged and recorded: *held*, in an action brought by the vendee for specific performance, after the judgment had been reversed, that the vendor was bound to assume that his answer would be communicated to the vendee, and could not set up the vendee's delay which he had himself caused.

APPEAL from a judgment dismissing plaintiff's complaint. The action was brought for the specific performance of a contract for the sale of certain real estate by the defendant to the plaintiff. The examination of the title disclosed the fact that a judgment lien upon the premises existed against defendant.

*James Emott*, for the appellant.

*Mr. Dunning*, for the respondent.

BRADY, J. :

The defendant could not convey the premises which he had sold to the plaintiff, unincumbered, because there was an existing unsatisfied judgment against him, but from which he had appealed. He contemplated settling it, but failed to do so ; and, on

an application made on behalf of the plaintiff, by Mr. Elliot, the broker who had acted for the defendant in the sale, the defendant said that the plaintiff would have to wait until the claim was settled in the Court of Chancery or Court of Appeals, or wherever it was, and this was communicated to the plaintiff, who said, "very good," and then proceeded to have his contract duly acknowledged and recorded. It is claimed, however, that the answer of the plaintiff was not communicated to the defendant, and that he knew nothing of it. If this were so, it would not seem to aid him. The question which intervenes between the plaintiff and the specific performance which he seeks to obtain, is one of laches, and that is dependent upon the further question, whether the delay is excused. The Court of Appeals had this view of the case before them on the appeal taken in this case,[*] but said there was no evidence to sustain the charge that the defendant said the plaintiff must wait, as detailed herein. It is not, as supposed by the defendant, necessary that there should be in this case an agreement to delay, binding on both parties. The obligation to perform already existed, and would be enforced, unless, by delay for which there was no excuse, the plaintiff had deprived himself of his right to demand performance, according to well established principles. But the defendant was bound, under the circumstances, to assume that his answer would be communicated to the plaintiff, and if he desired to know whether it was or not, it was incumbent upon him to ascertain it. He was the person in the wrong. He had failed to carry out his agreement. The plaintiff was ready and eager, and that eagerness was demonstrated by his inquiries and the proof and record of his contract, and which circumstances were in themselves constructive notice to the defendant that he intended to enforce it. It appears that Mr. Elliot, on the part of the plaintiff, had several interviews with the defendant on the subject, and this kept the matter alive, even if the defendant were disposed to regard it as obsolete and abandoned. The plaintiff, it appears, therefore assented to the proposition of the defendant that he must wait. He did so, and, when the defendant's litigation was ended, the plaintiff advised him that he wanted the deed of his house, to which the defendant responded by saying, you will have to wait. There was, according to the evidence, no

[*] See 49 N. Y., 485.

suggestion of any right to refuse to complete or perform the contract. The delay on the part of the plaintiff, seems to have been satisfactorily excused. If he chose to await the result of the defendant's appeal from the judgment which prevented him from conveying the property unincumbered, and upon the request of the defendant thereto, he could lawfully do so. The legal effect of such an arrangement was an extension of the time of performance on his part, or a waiver of the due performance of the contract in point of time, on the part of the defendant. To permit the defendant now to avoid responsibility, by resorting to the plaintiff's delay which he invoked, would be to allow him to take advantage of his own wrong. The judgment for these reasons is erroneous, and should be reversed.

Present — DAVIS, P. J., DANIELS and BRADY, JJ.

Judgment reversed and new trial ordered, costs to abide event.