FRANCIS T. WALTON, PLAINTIFF, v. WILLIAM H. MEEKS AND FRANCIS S. BERRY, AS ADMINISTRATORS, ETC., OF ANNA McCABE, DECEASED, AND OTHERS, DEFENDANTS.

*Action for specific performance — the purchaser will not be compelled to accept a doubtful title — what must be shown to authorize him to recover damages in such a case — who should be made parties defendant — allowance of costs to different defendants.*

This action was brought for the specific performance of a contract for the sale and conveyance of a dwelling-house, statuary, furniture and a lot of land, in the city of New York, formerly owned by one Anna McCabe, who died in 1879. On October 18, 1879, the administrators of the said McCabe, together with the defendants Francis and James Berry, who claimed to be her sole heirs-at-law, entered into an agreement with the plaintiff for the use and occupation of the premises by him for three years and six months from November 1, 1879, with an option to him, if he should so elect prior to November 1, 1880, to purchase the premises, furniture and statuary for the sum of $31,500, payable $11,500 in cash and $20,000 by a bond, secured by a mortgage on the premises. The plaintiff having elected to purchase, the defendants Berry, as heirs-at-law, executed a deed, which, together with a bond and mortgage prepared by them, were tendered to the plaintiff on November nineteenth, with a request that he should accept the deed and execute the bond and mortgage, both of which requests were declined by him, for the reason that the title which would be conveyed was not satisfactory, in that it was not satisfactorily established that the two defendants were the only heirs-at-law of the said McCabe.

After this, negotiations continued between the parties until March 17, 1881, when the defendants Berry conveyed the premises to the defendant Nevius, after which, and while still in possession of the premises under the lease-hold part of the agreement, the plaintiff brought this action. It was proved on the trial that, prior to the tender of the deed, the plaintiff had expended $339 for an examination of the title, and also that the property, at the time he elected to take the title, was worth the sum of $40,000.

The court held that the evidence showed that the defendants were not able to

convey such a title to the property as the plaintiff could legally require, and directed a judgment relieving him from all obligation to take the property, and allowing him to recover, against the defendants Berry, the expenditures incurred in searching the title.

*Held,* that the judgment was proper and should be affirmed.

That as the proof failed to show that the defendants Berry were not the heirs-at-law of Anna McCabe, or that there were any other persons entitled as her heirs to the enjoyment of her property, the plaintiff could not recover the difference between the purchase-price and the value of the property.

That, as after the plaintiff's refusal to receive the deed the contract was still the subject of negotiations between the parties, and was not regarded as terminated, this action was properly brought to test the right and ability of the Berrys to convey a good title.

That a claim for moneys expended by the plaintiff in decoration and cabinet work, amounting in value to between $4,300 and $4,500, was properly disallowed, as it appeared that these improvements were made before the plaintiff elected to purchase and while he was holding as a tenant under the agreement.

That the administrators of Anna McCabe were properly made parties to the action as they had executed the agreement and agreed by its terms to sell the furniture.

That Nevius, the grantee of the Berrys, was properly made a party, as he took title subject to the agreement made with the plaintiff, and would, if the Berrys title had been established, have been required to join in the conveyance to the plaintiff.

That as this could not be done, costs were properly allowed to him.

That the wife of the defendant Francis S. Berry was not entitled to any costs, as no relief was demanded against her except that she should join in the conveyance if it were directed to be made.

That the payment of rent by the plaintiff to Nevius in no way changed the legal or equitable rights of the parties, as it was paid with that understanding.

APPEALS from a judgment, entered upon the trial of this action at a Special Term.

*Joseph A. Shoudy,* for the plaintiff.

*William H. Meeks, John A. Foster, A. W. Speir,* for the defendants.

DANIELS, J. :

The action was in form brought for the specific performance of a contract for the sale and conveyance of a dwelling-house, statuary, furniture and lot of land, known as 13 West Fifty-eighth street, in the city of New York. It was owned in her lifetime by Anna McCabe. She died in 1879, and the property was claimed by the

defendants, Francis S. Berry and James S. Berry, as her heirs-at-law. They, together with her administrators, entered into an agreement with the plaintiff on or about the 18th of October, 1879, for the use and occupation of the premises by him, for the term of three years and six months, from the 1st of November, 1879. By the instrument which these parties then executed an option was given to the plaintiff, if he should elect to do so on or before the 1st of November, 1880, to purchase the premises, furniture and statuary, for the sum of $31,500, payable $11,500 in cash, and $20,000 by a bond secured by a mortgage on the premises, payable in five years, with interest at the rate of six per cent per annum. The plaintiff, on the 11th of October, 1880, elected to take the title to the property on these terms, and on the tenth of November in that year the defendants Francis S. Berry and James S. Berry, as the heirs-at-law of Anna McCabe, executed a deed in the form prescribed by the agreement for the conveyance of the property to the plaintiff for the sum of $31,500. A bond was also drawn, but not executed, from the plaintiff to themselves, together with a mortgage upon the property, for the payment and security of the sum of $20,000. This deed was tendered to the counsel and agent of the plaintiff on the 19th of November, 1880, and a request was made that the bond and mortgage should be executed by the plaintiff. The deed, however, was not accepted or received, but was declined, and so was the execution of the bond and mortgage, for the reason that the title was not considered to be capable of being conveyed at the time by the deed. The defect, which was urged as an excuse for the non-acceptance of the deed, was that other persons might be living who were the heirs of Anna McCabe, and that the fact was not satisfactorily established that the grantors named in the deed were two of her heirs. After this offer and refusal of the deed, further negotiations took place between the counsel for the parties relative to the conveyance of the property. And it was finally proposed by the plaintiff to receive the title, provided a condition should be inserted in the bond and mortgage which was proposed for his protection by his counsel. This was declined, and on the 17th of March, 1881, the defendants Berry conveyed the property to Peter J. Nevius for the same consideration as was mentioned in the agreement with the plaintiff; and after that conveyance was made, and

while the plaintiff remained in the possession of the property under the leasehold part of the agreement delivered to him, he brought this action against the defendants, in form at least, to obtain the specific performance of the agreement by the conveyance of the property, but the evidence which was given by him upon the trial, all tended to establish the fact that the defendants Berry were not able to convey a satisfactory title to the property, or such a title as he could legally be required to accept. The court at the trial adopted this view, and by its decision practically relieved him from all obligation to take the property, and allowed him to recover against the defendants Berry the expenditures incurred in searching the title, amounting to the sum of $339.

It was proved on the trial, and found as a fact by the court in its decision, that the property at the time when the plaintiff elected to take the title was worth the sum of $40,000, and for that reason inasmuch as the defendants Berry were held to be incapable of conveying a satisfactory title to the property, it has been claimed in his behalf that he should have been allowed the difference in the value of the premises between this sum and the sum of $31,500 which it was agreed he should pay for the same; but to maintain his right to recover this difference the law requires that the defendants Berry should be proven to have been in default in the performance of their agreement. And that could only be done by proof of the fact that they were not the owners of the title to the property, or that they had refused or neglected to convey it after a tender of the purchase-price, and a request to execute and deliver the deed had been made on behalf of the plaintiff. Proof of one or the other of these facts was legally essential to the right of the plaintiff to recover this difference. (*Beecher* v. *Conradt,* 3 Kern., 108; *Delavan* v. *Duncan,* 49 N. Y., 485; *Nelson* v. *Plimpton, etc., Co.,* 55 id., 480.)

No offer to pay the amount, which by the agreement was to be paid in cash, and no request for the delivery of the deed, was ever made on behalf of the plaintiff. He, on the contrary, declined to receive the deed which was made out and offered to him on the part of the defendants Berry. The only legal ground, therefore, upon which he could recover this difference between the purchase-price and the value of the property, was proof of the fact

that the defendants Berry were incapable of conveying to him by their deed the legal title to the property. That proof he endeavored to make upon the trial of the action, but the fact was neither established nor found by the court. The utmost extent of his proof was that there was some probability of one or more persons in being, entitled to inherit the property of Anna McCabe besides the defendants Berry, and that the fact was at least doubtful that they themselves were entitled as her heirs to any interest in her property. This proof fell short of maintaining the essential fact upon which the right of the plaintiff to recover this difference depended, that the defendants Berry were not the heirs of Anna McCabe, or that there were any other persons or person, entitled as her heirs to the enjoyment of her property. She was shown to have been the daughter of John McCabe, whose family consisted of his wife and three other children. The two sons, James and Francis, were alleged to have died years before the decease of Anna McCabe herself, and the evidence which was given, had a direct tendency to prove the alleged death of these two persons. Her father was described as a blacksmith and wheelwright, living on Pitt street, in the city of New York, and the evidence very decidedly indicated his decease, and that of his wife, to have taken place previous to that of this daughter. The remaining child of the family was Bridget McCabe, whom the evidence showed to have intermarried with Stillman Berry, and the defendants Berry were their sons. They resided in Lowell, in the State of Massachusetts, where Berry himself died, leaving Bridget, his widow, and these two sons, who bore the Christian names of her own brothers, him surviving. She afterwards intermarried with Oliver Moulton and died, leaving him surviving her. There were two children of this marriage, who appear to have died before the decease of their mother. This evidence had a decided tendency to maintain the fact to be, as the only daughter of Anna McCabe died before her mother, that the defendants Francis S. and James S. Berry were the owners of the legal title to this estate, and the proof given on behalf of the defendants, during the course of the trial, confirmed this presumption, and rendered it quite probable that these two persons were the only surviving heirs of Anna McCabe. No such default was established by the proof in the case, as would

justify the conclusion that these defendants had failed to perform their agreement for the conveyance of the property, or were legally incapable of conveying the title to it, and there was no ground, therefore, upon which the plaintiff had the right to recover the difference between the value and the price agreed to be paid for the property. In excluding this recovery, no error intervened in the disposition of the case, and the plaintiff's appeal, so far, from the judgment must, consequently, fail.

Upon the proof, as it was given during the trial, there was at least a probability that Francis S. and James S. Berry were not the sole and only heirs of Anna McCabe, and the law would not, therefore, against the objections of the plaintiff, oblige him to accept a conveyance from them of this property, for the performance of an agreement of the description of that contained in the lease for the sale of these premises. To perform the agreement the law requires that a title, reasonably free from doubt, shall be conveyed by the grantor. But it is true that a mere possibility that the title will prove defective is not sufficient to sustain the refusal of the purchaser to receive it. (*Post* v. *Bernheimer*, 31 Hun, 247; *Hellreiyel* v. *Manning*, 97 N. Y., 56; *Fleming* v. *Burnham*, 100 id., 1.)

And under these authorities the plaintiff is legally protected in declining to receive this title, although it probably would have vested him with a complete right to the use, enjoyment and disposition of the property. To test this right and the ability of the Berrys to convey the action was proper, for after the plaintiffs' refusal to receive the deed the contract was still made the subject of negotiations between the parties; it was not regarded as at an end, but expedients were discussed and considered, which might have the effect of harmonizing the differences between the parties. And while that continues to be the fact, and the case is otherwise free from difficulty, an action for the specific performance of an agreement for the conveyance of land may be maintained. (*Willis* v. *Dawson*, 34 Hun, 492.)

In addition to this circumstance, it was made to appear that the plaintiff had incurred and expended the amount allowed to him by the judgment, before the deed was offered and refused. That expenditure was made in good faith to ascertain and determine whether such a title could be conveyed to the property as the

plaintiff by the agreement had a right to claim; and having made that expenditure in this manner, when it was ascertained that the title was not free from reasonable grounds of doubt, he was entitled to have this amount of money refunded to him by the defendants, who had agreed to convey the land. To that extent he was entitled to relief as it was accorded to him by the judgment.

A further claim was made for the value of improvements upon the property by the plaintiff. These improvements consisted in decorations and cabinet work amounting in value to between forty-three and forty-five hundred dollars. They were disallowed by the court before which the trial took place. And from the evidence it was made to appear that these improvements were made prior to the month of October, 1880. This was before the plaintiff elected to take the title to the property, and while he was in fact no more than a tenant, under the agreement executed and delivered to him. The improvements were made while he sustained that and no other relation to the defendants, and the law is well settled that a tenant has no legal claim for expenditures made for improvements upon the demised property, against the landlord who has entered into no agreement to make them or for their payment. The plaintiff was not entitled to recover this sum of money, and it was lawfully so held by the court. All the relief which he could legally claim upon the facts, as they appear by the proof, was secured to him by the judgment.

The administrators of the estate of Anna McCabe were proper parties to the action, for they had not only executed the contract, but had agreed by its language to sell the furniture in the dwelling to the plaintiff. So, also, it was regular to make Nevius, the grantee of Francis S. and James S. Berry, a defendant in the action, for if it could have been proven that a title could be conveyed, which the plaintiff was bound to receive, this defendant would have been a necessary party to that conveyance. And as he had received his title, subject to the lease delivered to the plaintiff, as that was expressly declared he should by the deed delivered to him, if the plaintiff had been adjudged entitled to the property, this defendant could not, as a purchaser, have withheld it from him. But as the action could not be maintained, the judgment rightly dismissed the complaint as to this

defendant, and costs were not improperly allowed to his executors, who were made parties to the action after his decease, during the pendency of the suit.

The defendant Mira Berry, who was the wife of Francis S. Berry, had no legal claim to the allowance of costs. She was subjected to no necessity for defending the action, for no relief was claimed or demanded against her, except the fact that she should be required to join in the conveyance of the land, if the plaintiff should be adjudged to receive the title.

Some other points have been urged upon the consideration of the court, but they do not require attention for the disposition of this controversy. The payment of rent by the plaintiff to Nevius in no manner changed his legal or equitable rights, for the rent was paid with that understanding on his part, of which Nevius was apprised, after the defendants Berry declined to receive it. As the case was made out by the proof the judgment was right and it should be affirmed, with costs to the plaintiff on the appeals of the defendants, and with costs to the defendants Francis S. and James S. Berry, and the administrators of Anna McCabe and the executors of the estate of Peter J. Nevius on the appeal of the plaintiff.

BRADY, P. J., concurred.

Judgment affirmed.