O’Gorman, J.
In December, 1884, the defendants executed an agreement in writing for the sale to the plaintiff of certain real property in Brooklyn, which was then subject to a mortgage for $22,500.
In that agreement they bound themselves to execute and deliver to the plaintiff, on receipt of certain payments to be made by him, a proper deed, “bargain and sale, for the conveying and assuring to him the fee simple of the premises subject to the encumbrances aforesaid ” (the mortgage above referred to). .
*84 The plaintiff, on examination of the title, discovered that a judgment for $4,033 had been duly entered at the suit of Demás Barnes against William H. Guión, docketed in Broeklyn in February, 1884, while said Guión was owner in fee of the property described in the contract, by an absolute deed to him duly recorded.
Barnes, the judgment creditor, on being addressed*on the subject, refused to satisfy the judgment or release the property of any lien because of the judgment.
The plaintiff has brought this action for the purpose of recovering the money ($250) paid to him as part of the consideration for the sale and for expenses of examining title, on the ground that the defendants failed to give him such title as he was bound under their agreement to accept. Such an action is proper on the authority of Bruner v. Meigs, 64 N. Y., 515.
The defense is . that at the time the judgment was docketed, and while William H. Guión was owner of the property by deed vesting in him the fee simple absolute, and then duly recorded, he was, nevertheless, at that time only trustee for the firm of “ Williams & Guión,” of which he himself was the surviving partner. That the consideration for the deed to him in fee simple was furnished by the firm, and that the property held by him under the deed formed in equity part of the assets of that firm, and that the judgment against him was for the non-payment of a loan made tó him individually by the judgment creditor, and that it never attached as a lien to the property in question.
There is sufficient evidence that the deed in fee simple absolute under which William H. Guión took title, was executed by him in the manner and form desired by William H. Guión; that the representatives of the deceased partners were well aware that such deed had been so made to him, and consented to its being made. The authority of William H. Guión, the only surviving partner, was enough to bind the firm of “Williams & Guión” as to the propriety of the transaction. Tarbell v. West, 86 N. Y., 286. ft also appears that he conveyed the property to the defendants after the docketing of the judgment and for the benefit of that firm. Until the recording of that conveyance on September 25, 1884, there was nothing on record showing any conveyance by Guión or by anyone else to that firm, or any lien on the land in favor of that "firm.
There is in this case, therefore, no element of concealment on the part of Mr. Guión as to the nature of the deed under which he held, and no suspicion of any unfair or questionable dealing in the transaction on his part.
In this form of action the Jmrden is on the plaintiff to *85 prove affirmatively that the agreement to convey to him. has been violated by the defendants, and that the title which they were able to give him was not such as he was bound to receive. Bruner v. Meigs, supra.
There are cases which seem to go further, and to require that in actions of this kind the plaintiff should prove affirmatively that the title offered to him was a “bad title.” Bayliss v. Stimpson, 53 Supr., 225; Methodist Church v. Thompson, 52 id, 328; Page v. McDonnell, 55 N. Y., 299; Lawrence v. Miller, 86 id., 131.
Whether the views entertained in these cases have not been or may not be questioned or limited in their full effect need not now be questioned, assuming them to be of full binding authority. The question in the case at bar is whether or no, on the evidence, the title offered to the plaintiff is a “bad title,” and it would be a bad title if the judgment could have been and could now be put in force against the land. Delavan v. Duncan, 49 N. Y., 487; Cockcroft v. Railroad, 69 id., 206; Ocean Nat. Bank v. Olcott, 46 id., 16; Sturtevant v. Sturtevant, 20, id., 40.
If there were at the time of commencing the action a valid lien or incumbrance on the land to the amount of $4,033, which lien and incumbrance might, at the option of the judgment creditor, be put in force and collected out of the land, then the title was bad.
The agreement called for only one incumbrance, that is the mortgage for $22,500. The existence of any other valid incumbrance so far invalidated the title the defendants were bound to give.
It is contended by the defendant that it could not be so put in force, because William H. Guión was not, during the life of the judgment, owner of the land.
The language of the section of the Code (§ 1251) is that . the judgment shall be a charge for ten years after filing the judgment roll on the real property and chattels real which the judgment creditor has at the time, etc.
That he was the apparent owner; that for all that was disclosed on record, the title in fee simple absolute was vested in him, were beyond question.
That there was nothing on record from which the judgment creditor could have had notice or even cause to suspect that any equitable claim on the part of the firm of “Williams & Guión” existed is beyond question.
That William H. Guión had at the time the judgment was docketed the right and power to sell the property to whom he pleased and for such price as he pleased, and give to his vendee a good title in fee simple absolute, is beyond question.
The defendants’ contention is that notwithstanding all *86 that, there existed all the time that Guión held the property, a secret equitable title in the firm of “Williams & Guión,” which rendered the judgment as a lien on the land ineffectual.
The plaintiff depends on section 51, Statute of Uses and Trusts (1 R. S.), which forbids the creation of a trust in favor of a person supplying the consideration for the purchase of land when the title is in another.
By section 52 this prohibition is made not to apply to cases where the title is taken in favor of another than the person supplying the consideration without the knowledge or consent of the latter.
The facts in the case at bar are not such as bring it within the influence of the latter section, and it will be found, I think, that the cases cited by the learned counsel for the defense have in them some element of fraud or concealment from which it appeared directly in evidence or was properly inferred, that the person paying the consideration was ignorant of the fact that the title to the land was taken in the name of another, and for that reason an equitable hen on or an equitable title to the land existed by implication in the person paying the consideration. This feature of secrecy and fraud against which protection is afforded in section 52 above mentioned, existed and "was prominent and controlling in Lounsbury v. Purdy (11 Barb., 493); Siemon v. Schurck (29 N. Y., 598, 612, 615).
In Delmonico v. Guillaume (2 Sand. Ch., 368) the contention was wholly between partners, and no question as to any outside lienor was raised.
In Tarbell v. West, supra, the contention was as to the rights of a mortgagee of property known to him to be partnership property. It was there held that where the legal title to partnership lands is vested in one partner, his bona fide grantee or mortgagee takes his title free from equities of the other partners, or of copartnership creditors. But if he have notice that the land is partnership assets, he takes subject to the equities (id., 287).
Staats v. Bristow (73 N. Y., 264) is not in point. There a purchaser at a sheriff’s sale of the property of the judgment debtor was held to have bought not certain special property belonging to the firm of which the judgment debtor was a partner, but only his interest in the partnership surplus.
Van Brunt v. Applegate (44 N. Y., 547) concerned only the effect of a conveyance by a partner of his undivided half in real estate belonging to the firm, and throws no light on the question in contention in the case at bar.
The other cases cited by the learned counsel for the defendant do not seem to be in point or controlling.
*87 It is I think clear on the authorities that the defendant’s .agreement entitled the plaintiff to a deed that would vest in him a title to the premises, free of all incumbrance but the mortgage, and could only be performed by giving a deed conveying such title. (Delavan v. Duncan, supra). Sucha title has not been offered to the plaintiff by the defendants, and because of their failure and default plaintiff is entitled to damages against them, which damages are only the return of the deposit paid by plaintiff on account, and his expenses in examining the title.
I see no reason to doubt that the judgment became, under .section 1251 of the Code, a valid charge and hen on the land when docketed, and is still a hen, and can be put in force by the judgment creditor, and will continue to be a lien for ten years thereafter unless satisfied or released.
The defendant’s motion for a new trial is denied, with ten dollars costs.