Per Curiam.
The opinion rendered by the learned judge below, on denying the motion of the defendants for a new trial, is substantially correct. The assignment to Brown, and the release by Brown to the defendants, cannot vary the result when all the attending and surrounding circumstances are considered. The insufficiency in the proof of the judgment recovered by Barnes has been cured by the production of a certified copy of the judgment roll.
The judgment and order should be affirmed with costs.
The opinion of O’Gorman, J., at the trial term, was as follows:
In December, 1884, the defendants executed an agreement in writing for the sale to the plaintiff of certain real property in Brooklyn, which was then subject to a mortgage for $22,500.
In that agreement they bound themselves to execute and deliver to the plaintiff, on receipt of certain payments to be made by him, a proper deed of “Bargain and sale for the conveying and assuring to him the fee simple of the premises, subject to the incumbrance aforesaid” (the mortgage referred to).
The plaintiff, on examination of the title, discovered that a judgment for $4,033 had been duly entered at the suit of Demás Barnes against William H. Guión, and that this judgment had been duly docketed in Brooklyn in February, 1884, while said Guoin was owner in fee of the property, by an absolute deed to him duly recorded.
Barnes, the judgment creditor, on being addressed on the subject, refused to satisfy the judgment or release the property of any lien because of the judgment.
*477 The plaintiff has brought this action for the purpose of recovering the money ($250) paid by him as part of the consideration for the sale, and for the expenses of examining title, on the ground that the defendants failed to give him such a title as he was bound, under their agreement, to accept.
Such an action is proper on the authority of Bruner v. Meigs, 64 N. Y., 515.
The defense is, that at the time the judgment was docketed, and while William. H. Guión was owner of the property, by deed vesting in him the fee simple absolute, and then duly recorded, he was nevertheless, at that time, only trustee for the firm of “Williams & Guión,” of which he himself was the surviving partner. That the consideration for the deed to him in fee simple was furnished by the firm, and that the property held by him under the deed, formed, in equity, part of the assets of that firm, and that the judgment against him was for non-payment by him of a loan, made to him individually by the judgment creditors, and that it never attached as a hen to the property in question.
There is sufficient evidence that the deed in fee simple absolute, under which William H. Guión took title, was executed by him in the manner and form desired by the firm of Williams & Guión; that the representatives of the deceased partners were well aware that such deed had been so made to him, and consented to its being so made. The authority of “William H. Guión,” the only surviving partner, was enough to bind the firm of “Williams & Guión,” as to the propriety of the transaction. Tarbell v. West, 86 N. Y., 286.
It also appears that he conveyed the property to the defendants, after the docketing of the judgment, and for the benefit of that firm.
Until the recording of that conveyance on September 25, 1884, there was nothing on record showing any conveyance by Guión or by anyone else to that firm, or any lien on the land in favor of that firm.
There is in this case, therefore, no element of concealment on the part of Mr. Guión as to the nature of the deed under which he held, and no suspicion of any unfair or questionable dealing in the transaction on his part.
In this form of action the burden is on the plaintiff to prove affirmatively that the agreement to convey to him has been violated by the defendants, and that the title which they were able to give him was not such as he was bound to receive. Bruner v. Meigs, supra.
There are cases which seem to go further, and to require that in actions of this kind the plaintiff should prove affirmatively that the title offered him was a “bad title.'’ Bayliss *478 v. Stimson, 53 Supr. Ct. R., 225; Methodist Church v. Thompson, 52 id., 328; Page v. McDonnell, 55 N. Y., 299; Lawrence v. Miller, 16 id., 235.
Whether the views entertained m these cases have not been or may not be questioned or limited in their full effect need not now be questioned. Assuming them to be of full binding authority, the question in the case at bar is, whether or no, on the evidence, the title offered to the plaintiff is a bad title, and it would be a bad title if the judgment could have been, and could now be put in force against the land. Delevan v. Duncan, 49 N.Y., 485; Cockcroft v. R. R., 69 id., 206; Ocean National Bank v. Olcott, 46 id., 16, et seq.; Sturtevant v. Sturtevant, 20 id., 40.
If there were at the time of commencing the action, a valid lien or incumbrance on the land to the amount of $4,633, which lien or incumbrance might, at the option of the judgment creditor, be put in force and collected out of the land, then the title was bad. The agreement called for only one incumbrance, that is, the mortgage of $22,500. The existence of any other valid incumbrance so far invalidated the title the defendants were bound to give.
It is contended by the defendant that it could not be so put in force, because William H. Guión was not, during the life of the judgment, owner of the land.
The language of the section of the Code (1251) is that the judgment shall be a charge for ten years after filing' the judgment-roll, on the real property and chattels real, which the judgment creditor has at the time, etc., etc.
That he was the apparent owner; that for all that was disclosed on record, the title in fee simple absolute was vested in him, were beyond question.
That there was nothing on record from which the judgment creditor could have had notice or even cause to suspect that any equitable claim on the part of the firm of “Williams & Guión ” existed is beyond question.
That William H. Guión had, at the time the judgment was docketed, the right and power to sell the property to whom he pleased, or for such price as he pleased, and give to his vendee a good title in fee simple absolute is beyond question.
The defendants’ contention is that, notwithstanding all that, there existed all the time that Guión held the property, a secret, equitable title in the firm of “Williams & Guión,” which rendered the judgment as a lien on the land ineffectual.
The plaintiff depends on section 51, statute of uses and trusts, R. S., which forbids the creation of a trust in favor of a person supplying the consideration for the purchase of land, when the title is in another.
*479 By section 52, this prohibition is made not to apply to cases where the title is taken in favor of another than the person supplying the consideration, without the knowledge or consent of the latter.
The facts in the case at bar are not such as to bring it within the influence of the latter section, and it will be found, I think, that the cases cited by the learned counsel for the defense, have in them some element of fraud or concealment, from which it appeared directly in evidence, or was properly inferred, that the person paying the consideration was ignorant of the fact that the title to the land was taken in the name of another, and for that reason an equitable lien on or an equitable title to the land existed by implication in the person paying the consideration. This feature of secrecy and fraud, against which protection is afforded in section 52, above mentioned, existed and was prominent and controlling in Lounsbury v. Purdy, 11 Barb., 493, Siemon v. Schurck, 29 N. Y., 598, 612, 615.
In Delmonico v. Guillaume (2 Sandf. Oh., 368) the contention was wholly between partners, and no question as to any outside lien was raised.
In Tarbell v. West (supra) the contention was as to the rights of a mortgagee of property known to him to be partnership property. It was there held that where the legal title to partnership lands is vested in one partner, his bona fide grantee or mortgagee takes his title free from equities of the other partners or of co-partnership creditors. But if he have notice that the land is partnership assets, he takes subject to the equities. Id., 287.
Staats v. Bristow (73 N. Y., 264) is not in point. There a purchaser at a sheriff’s sale of the property of the judgment debtor was held to have bought, not certain special property belonging to a firm of which the judgment debtor was a partner, but only his interest in the partnership surplus.
Van Brunt v. Applegate (44 N. Y., 544) concerned only the effect of a conveyance by a partner of his undivided half in real estate, belonging to the firm, and throws no light on the question in contention in the case at bar. The other cases cited by the learned counsel for the defendant do not seem to be in point or controlling.
It is, I think, clear on the authorities that the defendants’ agreement entitled the plaintiff to a deed that would vest in him a title to the premises free of all incumbrance but the mortgage, and could only be performed by giving a deed conveying such title. Delavan v. Duncan, supra.
Such a title has not been offered to the plaintiff by the defendants, and because of their failure and default, plaintiff is entitled to damages against them, which damages *480 are only the return of the deposit paid by the plaintiff on account and his expenses in examining the title.
I see no reason to doubt that the judgment became, under section 1251 of the Code, a valid charge and lien on the land when docketed, and is still a lien and can be put in force by the judgment creditor, and will continue to be a lien for ten years thereafter unless satisfied or released.
The defendants’ motion for a new trial is denied with ten dollars costs.