(119 App. Div. 238)

### WALLACH v. RIVERSIDE BANK.

(Supreme Court, Appellate Division, First Department. May 31, 1907.)

VENDOR AND PURCHASER—CONTRACT—PERFORMANCE.

A contract to sell premises is not complied with by the tender of a quitclaim deed thereof, where the vendor has not a merchantable title, notwithstanding a provision of the contract that upon the performance

of conditions specified the vendor should execute and deliver such a conveyance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 236, 304, 305.]

Appeal from Special Term.

Action for specific performance, or for the recovery of the amount paid upon the purchase price and for the expense of searching title, by Rudolph Wallach against the Riverside Bank. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

Harold Swain (Norman W. Chandler, on the brief), for appellant. George W. Carr, for respondent.

LAMBERT, J. On the 4th day of February, 1905, the plaintiff and defendant entered into a contract in writing, in which the defendant promised to sell to the plaintiff, in consideration of $22,000, "all the premises known as 'Nos. 165 and 167 East One Hundred and Eighteenth Street,' in the city of New York," and the plaintiff agreed to purchase such premises and to pay the purchase price in the manner set forth in the contract. It was further agreed that:

"The said party of the first part [the defendant], on receiving such payments and said purchase-money bond and mortgage at the time and in the manner above mentioned, shall, at his own proper costs and expenses, execute, acknowledge, and deliver, or cause to be executed, acknowledged, and delivered, to the said party of the second part, quitclaim deed of said premises."

At the time agreed upon for passing the deed and making the payments, the plaintiff refused to accept the quitclaim deed tendered by the defendant, on the ground that the latter could not convey a merchantable title; various objections being urged. It is now conceded that only one of these objections has merit, and the fact is not in dispute here that:

"The wife of William G. Wood (a former owner of the premises) did not join in the execution of the deed to George T. Leaird (defendant's grantor), made by William C. Wood and recorded in Liber 23, section 6, of Conveyances."

Nor is it disputed that Virginia Wood, the then wife of said William G. Wood, is still alive, and the marriage between them is in force. Under this state of facts it is clear that the defendant was not in a position to give a merchantable title to the premises. It is, however, contended, in support of the judgment dismissing the complaint for specific performance or for the recovery of the amount paid upon the purchase price and for the expense of searching title, that the defendant met the requirements of the contract by tendering a quitclaim deed.

This is the only question to be determined here. I am of the opinion that the judgment must be reversed. It is the sale of the land in question that is the subject of the contract, and the deed of conveyance is but the means by which that end is to be accomplished. The vendors covenanted to convey certain and defined premises, and the

deed tendered was insufficient to execute such covenants. It did not convey an outstanding and existing inchoate right of dower of the wife of a prior grantor. Therefore there was a failure to convey the premises as stipulated, and the vendee was justified in refusing to accept the deed tendered. "The express agreement to execute a deed, and the implied undertaking that the title thereby conveyed shall be perfect and free from incumbrances, are distinct and separate obligations," say the court in Leggett v. Mutual Life Ins. Co., 53 N. Y. 394, 398. "One is expressed in the contract, the other is implied, up to a certain stage of the transaction (viz., so long as the contract remains executory), from the agreement to sell."

A like distinction is noted in Delavan v. Duncan, 49 N. Y. 485, 487, in discussing the case of Burwell v. Jackson, 9 N. Y. 536, where the authorities were carefully reviewed and the proposition was laid down that every purchaser of real estate is entitled to a marketable title, free from incumbrances and defects, unless he expressly stipulates to accept a defective title. Vought v. Williams, 120 N. Y. 253, 257, 24 N. E. 195, 8 L. R. A. 591, 17 Am. St. Rep. 634. In the case now before us there was an agreement to sell "all the premises," and it conclusively appears that the defendant did not have title to so much of the premises as was involved in the inchoate right of dower of Virginia Wood. By agreeing to accept a quitclaim deed, the plaintiff did not expressly stipulate to take anything less than title to all of the premises in the contract mentioned. The learned court below erred in dismissing the complaint upon the merits.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.