JURGENSEN et al. v. DANA et al.

(Supreme Court, Appellate Division, Second Department. April 10, 1914.)

1. WILLS (§ 784*)—DEVISE—ELECTION—INCHOATE DOWER RIGHT.
    An inchoate dower right of one person in land devised to another is such an interest as requires her to elect to take her dower right or accept a devise of other land.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 2010; Dec. Dig. § 784.*]

2. WILLS (§ 788*)—DEVISE—ELECTION—INCHOATE DOWER RIGHT.
    Where testator, having an interest in described land, devised to devisees the entire fee and devised other land in joint tenancy to other devisees, one of whom owned an undivided one-third of the described

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

'land, and the other an inchoate dower interest therein, the right of election to take under the will or the interest in the described land might be exercised severally, and it was error to compel a joint or concurring election.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2012; Dec. Dig. § 788.*]

Appeal from Special Term, Suffolk County.

Petition by Kathryne Floyd Dana Jurgensen, an infant, by Edward J. Lynch, her guardian ad litem, against Richard Floyd Dana and others. From a judgment of the Special Term (81 Misc. Rep. 431, 143 N. Y. Supp. 67) dismissing the complaint on the merits as to plaintiff and requiring defendants Richard Floyd Dana and Hazel B. Dana to elect whether to accept the benefits of the will of William B. Dana, deceased, or take an interest in property described in the complaint, plaintiff and defendants Richard Floyd Dana and Hazel B. Dana appeal. Modified and affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

George R. Bristor, of New York City, for appellants.
Percy L. Housel, of Riverhead, for respondents.

THOMAS, J. [1, 2] The testator gave the land in California to the defendants appellants in joint tenancy and a legacy to each, and to Ethel Floyd Dana Shepherd and William Dana Shepherd all of the land in Suffolk county, although Richard Floyd Dana owns the fee in an undivided third of it, and his wife, Hazel, has an inchoate dower right in it. It is decided: (1) The testator intended to devise the whole title in the land in Suffolk county. (2) It is immaterial what interest the testator had in the land or what he believed concerning it, provided the will shows, as it does, a clear intention to dispose of the whole fee (Havens v. Sackett, 15 N. Y. 365; Beetson v. Stoops, 186 N. Y. 456, 79 N. E. 731, 9 Ann. Cas. 953). (3) Disproportion in values of the lands is unimportant, save as it may bear on the testator's intention (Lee v. Tower, 124 N. Y. 370, 375, 26 N. E. 943). (4) The inchoate dower right of Hazel B. Dana in the land in Suffolk county is a sufficient interest to constrain her to make election (Simar v. Canaday, 53 N. Y. 298, 13 Am. Rep. 523; Wallach v. Riverside Bank, 119 App. Div. 238, 104 N. Y. Supp. 661; Lee v. Tower, 124 N. Y. 370, 26 N. E. 943). (5) The plaintiff's father, John Kirkland Dana, conveyed his interest in the land in Suffolk county unconstrained by any undue influence by the grantee, but induced to the act by the wish expressed to him by his adopted mother. The failure of the testator, William B. Dana, to recognize in his will a sentiment so honorable may affect a favorable estimate of his generosity, but not the validity of the conveyance. (6) The judgment provides for a joint or concurring election by Richard Floyd Dana and his wife, whereas their property interests are individual.

The joint tenancy in the land in California does not so unify the tenants as to compel them to elect in unison. They may elect severally, and have 60 days to do so after entry and service of the final

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment upon their attorneys, and the judgment appealed from should be modified accordingly, and, as so modified, affirmed, without costs in this court.   All concur.